61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert C. SHAVIE, Defendant-Appellant.
 No. 95-1033.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1995.
Decided July 28, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert C. Shavie appeals the district court's order that modified his conditions of supervised release to include (1) a 90 day residence with work release privileges at a federally contracted community corrections center, (2) a prohibition against unsupervised contact with juveniles under the age of 18 unless in the company of a responsible adult, and (3) treatment in a sex offender/mental health program. Shavie's counsel, finding no non-frivolous grounds on which to base the appeal, seeks leave to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). We informed Shavie of his right to respond to his counsel's motion, which he did not exercise. See Cir.R. 51(a).
 
 
 2
 In June 1990, Shavie was sentenced to 65 months imprisonment and six years supervised release for distribution of LSD. While in prison, he entered a sex offenders treatment program. In November, 1994, the government moved to modify the conditions of Shavie's supervised release pursuant to 18 U.S.C. Sec. 3583(e)(2).[1] Following a Rule 32.1(b) hearing, the district court granted the government's motion and Shavie began his term of supervised release on December 23, 1994.
 
 
 3
 We will grant an Anders petition only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993)). After reviewing the record, we believe there is no meritorious issue to appeal and grant counsel's motion.
 
 
 4
 Congress authorized the district courts to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," 18 U.S.C. Sec. 3583(e)(2), following a hearing in which the defendant was assisted by counsel. Fed.R.Crim.P. 32.1(b); see also United States v. Morales, 45 F.3d 693 (2d Cir.1995). The Federal Rules of Evidence do not apply to modification of supervised release hearings and the district court may consider any relevant, reliable evidence. See Fed.R.Evid. 1101(d)(3); United States v. Messino, No. 94-2075 at * 23-24 (7th Cir. April 13, 1995) (sentencing court may consider any relevant, reliable evidence); see also 18 U.S.C. Sec. 3583(e)(2) (provisions applicable to the initial setting of the terms supervised release applicable to modification proceedings). We review a district court's decision to modify the conditions of supervised release under the abuse of discretion standard. See United States v. Schechter, 13 F.3d 1117, 1118-19 (7th Cir.1994) (initial imposition of supervised release).
 
 
 5
 Here, the district court relied upon a letter and treatment summary report from Kelly Morris, a Sex Offender Treatment Specialist at the sex offender treatment program in which Shavie was enrolled. Morris' report indicated that Shavie was terminated from the program for lack of progress and motivation. He demonstrated a negative attitude toward the program and displayed a severe lack of accountability for his behavior. During the treatment, Shavie admitted to molesting minor children, and spoke with hostility about a 14 year old victim who turned him over to police when he did not give the boy drugs. Shavie stated that "next time he will not be stupid enough to get caught up with a kid like that."
 
 
 6
 We find that the requirements of Rule 32.1(b) were met: Shavie had a full and fair hearing in which he was assisted by counsel before the district court modified his conditions for supervised release. The record also demonstrates that the district court did not abuse its discretion in modifying Shavie's conditions of supervised release. We conclude that any issue raised on appeal would be frivolous, and therefore GRANT counsel's motion to withdraw and DISMISS Shavie's appeal.
 
 
 
 [1]
 18 U.S.C. Sec. 3583(e)(2) provides that the district court may:
 extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision