

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2007

# USA v. Smyth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smyth" (2007). *2007 Decisions.* Paper 1782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1046

———

UNITED STATES OF AMERICA

v.

JAMES SMYTH

Appellant

———

Appeal from the United States District Court
for the Middle District of Pennsylvania
Criminal No. 04-cr-00316
The Honorable William J. Nealon, Senior District Judge

———

Submitted under Third Circuit LAR 34.1(a)
March 10, 2006

Before: ALDISERT and ROTH*, <u>Senior Circuit Judges</u>,
RODRIGUEZ**, <u>District Judge</u>

(Filed: January 11, 2007)

———

*The Honorable Jane R. Roth assumed senior status on May 31, 2006.

**The Honorable Joseph H. Rodriguez, Senior United States Judge for the District
of New Jersey, sitting by designation.

## OPINION OF THE COURT

**RODRIGUEZ**, <u>Senior District Judge</u>.

James Smyth appeals the non-standard conditions that were imposed as part of his sentence after pleading guilty to violating 18 U.S.C. § 1519. On appeal, Smyth argues that the District Court, in sentencing him, abused its discretion because the non-standard conditions imposed do not reasonably relate to the offense of conviction. He also argues that one of the conditions is overbroad and vague, thereby subjecting him to a greater deprivation of liberty than is reasonably necessary. We have jurisdiction to review the sentence imposed pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will affirm in part and vacate in part, and remand to the District Court for further proceedings consistent with this Opinion.

### I.

Because we write solely for the parties, we will address only those facts that are relevant to our analysis. During the summer of 2002, Smyth was identified in connection with an investigation into a child pornography distribution ring being conducted by the Federal Bureau of Investigation ("FBI"). After being contacted by an FBI agent in November of 2003, Smyth agreed to provide his computer hard drive to the FBI; however, he provided a worthless part of the computer and dumped the actual hard drive in a body of water to prevent the FBI from retrieving and analyzing it.

2

On September 24, 2004, the government filed, and Smyth pleaded guilty to, a one-count superseding information, which charged Smyth with destroying a computer hard drive with the intent to obstruct a federal investigation of possession of child pornography, in violation of 18 U.S.C. § 1519. On December 17, 2004, the District Court sentenced Smyth to twelve months incarceration followed by three years of supervised release. In addition to the standard conditions of supervised release, the District Court imposed four non-standard conditions not included in the settlement agreement. Smyth objected to two of the four. They are as follows:

> (1) The defendant shall participate in a sex offender treatment program, which may include risk assessment testing, counseling, and therapeutic polygraph examinations, and shall comply with all requirements of the treatment provider. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer, and the treatment is to be conducted by a therapist approved by the probation officer.

> (2) The defendant shall not associate with the children, other than his own children, under the age of 18 except in the presence of an adult who has been approved by the probation officer.

(Judgment in a Criminal Case, app. at 6.) This appeal followed.

## II.

Because, at sentencing, Smyth challenged the imposition of the non-standard conditions, we will review for abuse of discretion. United States v. Loy, 237 F.3d 251, 256 (3d Cir. 2001).

## III.

Smyth argues that because the two non-standard conditions outlined above do not

3

reasonably relate to the offense of conviction, it was an abuse of discretion for the District Court to impose them. We disagree. In light of Smyth's criminal history and the nature and circumstances of the offense, the conditions imposed are a reasonable punishment.

Sentencing courts have "broad discretion to tailor conditions of supervised release to the goals and purposes" set forth in 18 U.S.C. § 3553(a). United States v. Balson, 384 F.3d 38, 42 (2d Cir. 2004). Title 18 U.S.C. § 3553(a) states, in pertinent part, that the district court should consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> 
> \* \* \*
> 
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1), (2)(B)-(D) (2003). We have stated that special conditions must be upheld as long as they reasonably relate to any of the factors set forth in 18 U.S.C. § 3553(a). United States v. Pruden, 398 F.3d 241, 248 (3d Cir. 2005).

Here, the special conditions of supervised release do reasonably relate to the factors set forth in 18 U.S.C. § 3553(a)(1). Specifically, the special conditions reasonably relate to the "nature and circumstances of the offense." Although Smyth generically describes his conviction as one of "obstructing an investigation by destroying a tangible object," (Appellant's Br., p. 12), he cannot escape the factual basis that supported his guilty plea. During the colloquy, Smyth agreed with the following representation:

4

MR. SEMPA: Your Honor, we would present evidence that the FBI was involved in an investigation into child pornography in several states in the United States and that information from one of the FBI offices in another state was sent to the Scranton office, indicating that a screen name used by this Defendant, Mr. Smyth, may, in fact, be in possession of or used to possess child pornography.

Based on that, in November of 2003 an FBI agent contacted Mr. Smyth. And after telling him, you know, what was going on, the nature of the investigation and so forth, asked Mr. Smyth if Mr. Smyth would voluntarily turn over his computer hard drive.

Mr. Smyth, instead of turning over the computer hard drive turned over a part of the computer that was not the hard drive but would not allow agent to check that and instead took his computer hard drive, concealed it and ultimately dropped it in a body of water and destroyed it, which impeded the investigation.

(Appx. p. 42.) Because the conditions require Smyth to attend a sex offender treatment program and restrict his association with children, they are reasonably related to the nature and circumstances of the present offense–obstructing a child-pornography investigation by destroying a tangible object to prevent the FBI from analyzing its contents.

In addition, the special conditions reasonably relate to the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Smyth's criminal history includes two convictions of particular import here. First, Smyth was convicted in 1990 for corruption of minors because he provided three underage boys with alcohol. Second, and more importantly, Smyth was convicted of open lewdness in 1995 because he was naked on a couch, covered only by a blanket, beside a naked four-year old boy. Because Smyth has a history of committing criminal offenses against minors, two of which are of a

sexual nature, special conditions limiting his association with minors and requiring sex offender treatment and counseling are reasonably related to the history and characteristics of the defendant.

Finally, the special conditions reasonably relate to "afford[ing] adequate deterrence to criminal conduct," "protect[ing] the public from further crimes of the defendant" and providing the defendant with "correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Given Smyth's criminal history, it is reasonable to require that he receive sex offender treatment and to limit his association with minors in order to deter his criminal conduct and protect the public. Moreover, these conditions are effective ways to implement correctional treatment. Accordingly, we find that the non-standard conditions imposed by the District Court satisfy the requirements of 18 U.S.C. § 3553.

IV.

Smyth also argues that the condition limiting contact with children is unnecessarily broad because it could be read to, for example, prohibit him from being in contact with minor family members–even those accompanied by adults. We agree.

Special conditions of supervised release must be "'reasonably related' to the goals of deterrence, protection of the public, and rehabilitation of the defendant." Loy, 237 F.3d at 267 (quoting 18 U.S.C. § 3583(d)(1)). In addition, they must "'involve[] no greater deprivation of liberty than is reasonably necessary' to meet these goals." Id.

(quoting 18 U.S.C. § 3583(d)(2)).  Finally, "supervised release conditions that affect constitutional rights will [only] be valid if 'narrowly tailored and . . . directly related to deterring [the offender] and protecting the public.'" Id. (quoting United States v. Crandon, 173 F.3d 122, 128 (3d Cir. 1999)).

Although the government argues that the language of the condition is neither overbroad nor vague, the transcript of the sentencing hearing suggests otherwise:

> MS. GHILARDI: So this would mean that he can't associate with–
>
> THE COURT: With children other than his own children.
>
> MS. GHILARDI: What about family members, Your Honor, like nieces and nephews, that sort of thing?  I mean, that's a rather very restrictive condition, Your Honor.
>
> THE COURT: It is.  But under the circumstances it would seem to be appropriate. But who are they?  Are there a lot of nieces and nephews under 18?
>
> MS. GHILARDI: I don't know, Your Honor.  All I'm saying is that I can envision him being in a circumstance where he goes somewhere and there are children under the age of 18 there.  Is he just supposed to leave?
>
> THE COURT: Well, if you make a suggestion then, instead of associate, what would you prefer?
>
> MS. GHILARDI: I'm sorry, Your Honor, I don't have a suggestion because I just–I see this being very difficult.
>
> * * *
>
> THE COURT: I'll ask the Probation Officer, what would be expected in your supervision under Condition six?
>
> PROBATION OFFICER COYER: Well, Your Honor, I would

7

anticipate that the Defendant's wife would be an approved person. So that if they are in a school or if they are with his own children that should not be a problem. What we're trying to avoid is a situation where he's in an unsupervised position with young children. Something that he's going to have to anticipate and then bring to the attention of the probation officer.

\* \* \*

MS. GHILARDI: And again, Your Honor, I'm sorry but it seems like I'm belaboring this point–

THE COURT: Well, no. This will stand. There will be something worked about (sic) between the probation officer and this Defendant. <u>And if there's a violation, we'll address the import of the language at that time.</u>

MS. GHILARDI: Okay. <u>Because I suppose the reason why I am going through this discussion, Your Honor, is because I don't want to have a violation and I know my client doesn't either.</u> So I suppose I'm trying to clarify what the ground rules are because I have not ever been in a situation before where this sort of condition has been imposed by the Court.

(Sentencing Transcript, app. at 54-57) (emphasis added). It is clear that even the District Court could not foresee how the language would be interpreted should Smyth be charged with a violation of the condition while on supervised release. While we agree that a limitation on Smyth's contact with minors is appropriate, <u>see</u> <u>Loy</u>, 237 F.3d at 267-68 (holding that it is appropriate to prohibit a defendant from all unsupervised contact with minors even though the defendant was only convicted of possession of child pornography), the limitation here leaves too much guess as to its meaning and its application. Smyth should not have to wait until there is a violation to have the import of the language addressed. Accordingly, we will vacate and remand for the District Court to develop an association condition that is not overbroad and vague.

8

## V.

For the foregoing reasons, we will affirm in part and vacate in part, and remand to the District Court for further proceedings consistent with this Opinion.

**ROTH**, Senior Circuit Judge, concurring in part and dissenting in part:

I agree with the majority insofar as it affirms the judgment of sentence. I respectfully dissent, however, because I would affirm the sentence in its entirety. The defendant, James Smyth, objects to Condition 2 of his supervised release:

> The defendant shall not associate with the children, other than his own children, under the age of 18 except in the presence of an adult who has been approved by the probation officer.

The majority concludes that, while a limitation on Smyth's contact with minors is appropriate, the limitation of Condition 2 leaves too much guess as to its meaning and its application.

I conclude to the contrary that the language is plain and simple and its meaning is clear – Smyth shall not associate with any children under the age of 18, other than his own, except in the presence of an approved adult. I find this condition is appropriate for a man with convictions for child pornography, corruption of minors, and open lewdness with a four-year old boy. He must stay away from children – no limits, no vagueness.

For the above reason, I do not find Condition 2 requires any guessing as to its meaning and application and I would affirm it as a condition of supervised release.

10