# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2899

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William Robert Bender, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2009
Filed: June 2, 2009

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

William Robert Bender violated the conditions of his supervised release by viewing pornography on a computer at a public library. The district court imposed an 18-month sentence, and special conditions on a 10-year supervised release term. Bender appeals the special conditions, claiming they are improper. Jurisdiction being proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court reverses and remands for resentencing.

I.

In 2004, Bender arranged on-line to meet a female who represented herself to be of legal age. He traveled from Missouri to Texas to have sexual relations with her.

In Texas, Bender learned she was a minor. He nevertheless traveled with her to New Orleans; they had sexual intercourse en route. Bender was convicted of traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). He was sentenced to 51 months imprisonment and 5 years supervised release.

While on supervised release, Bender entered a public library and used a computer to access pornographic websites. At the revocation hearing, the district court imposed the following special conditions of supervised release:

> **Special Condition 4**: "The defendant shall not possess or use a computer for any reason and shall not possess or use a computer or any device with access to any on-line computer services at any location without the prior approval of the United States Probation Officer."

> **Special Condition 5**: "The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist."

> **Special Condition 6**: "The defendant shall refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials including, but not limited to: pornographic books, magazines, photographs, films, videos, DVDs, computer programs, or any other media portrayal of the same."

> **Special Condition 7**: "The defendant shall not enter a public or private library facility at any location."

> **Special Condition 9**: "The defendant shall not reside in or frequent places where minors are known to frequent without the prior approval of the Probation Officer and then only in the presence and supervision of a responsible adult."

II.

Terms and conditions of supervised release are reviewed for abuse of discretion. *United States v. Heidebur*, 417 F.3d 1002, 1007 (8th Cir. 2005). A district court has broad discretion to order special conditions of supervised release if each condition: 1) "is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)"; 2) "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)"; and 3) "is consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Mark*, 425 F.3d 505, 507 (8th Cir. 2005), *citing* **18 U.S.C. § 3583**; *United States v. Boston*, 494 F.3d 660, 667 (8th Cir. 2007). A condition is reasonably related if tailored to "the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal or other correctional needs." *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005).

A.

Bender claims that Special Condition 4's ban on computers and internet access is not reasonably related to the purposes of supervised release. Limits on Bender's use of computers and the internet are related to the circumstances of his previous offenses – illicit sexual conduct with a minor and viewing pornography on a public computer. *See United States v. Fields*, 324 F.3d 1025, 1027 (8th Cir. 2003). The condition is reasonably calculated to deter him from repeating his illegal activity, protect the public from similar conduct, and serve his correctional needs.

Bender argues that the ban is a greater deprivation of his rights than is reasonably necessary. This court has upheld such bans when "the defendant used his computer to do more than merely possess child pornography, particularly if the

prohibition on computer usage is not absolute." ***Boston***, 494 F.3d at 668.  This court affirmed computer and internet restrictions where the defendant sold, transferred, produced, or attempted to arrange sexual relations with minors.  *See **Fields***, 324 F.3d at 1027 (selling subscriptions of pornographic images); ***United States v. Ristine***, 335 F.3d 692, 696 (8th Cir. 2003) (exchanging images and attempting to arrange sexual relations with underage girls); ***Boston***, 494 F.3d at 668 (producing visual depictions of a minor engaged in sexually explicit conduct).  This court, however, struck down a ban on computer and internet use where the defendant was solely convicted of knowingly receiving and possessing child pornography. ***United States v. Crume***, 422 F.3d 728, 733 (8th Cir. 2005).

In this case, Bender arranged on-line to meet a woman for sexual relations, and pursued a sexual relationship despite discovering that she was a minor.  The ban allows Bender to use a computer and internet with the permission of his probation officer.  The district court did not impose a greater deprivation than is reasonably necessary.

Bender also asserts that the computer and internet ban is vague.  To the contrary, this court approved a similar ban including "computers" and "internet service," finding "nothing vague about the conditions imposed by the district court." ***Fields***, 324 F.3d at 1027.

The district court did not abuse its discretion with respect to Special Condition 4.

## B.

Bender argues that Special Condition 5, which requires him to submit to "lifestyle restrictions" imposed by a therapist, was an improper delegation of judicial

authority. The district court can delegate limited authority to non-judicial officials "so long as the delegating judicial officer retains and exercises ultimate responsibility." *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006), *discussing **United States v. Kent***, 209 F.3d 1073, 1079 (8th Cir. 2000). In this case, the district court "gave no indication that it would not retain ultimate authority over all of the conditions of [Bender's] supervised release." *Mickelson*, 433 F.3d at 1057; *see also **United States v. Kerr***, 472 F.3d 517, 524 (8th Cir. 2006) (rejecting impermissible delegation argument because "the district court made no such statements indicating it was relinquishing final authority or granting the probation officer carte blanche over [the defendant's] treatment"). The district court did not abuse its discretion with respect to Special Condition 5.

## C.

Bender asserts that Special Condition 6's ban on sexually stimulating materials was overly broad, vague, and not reasonably related to the sentencing factors. The district court is required to consider the "nature and circumstances of the offense and the history and characteristics of the defendant" when crafting a special condition of supervised release. **18 U.S.C. §§ 3553(a)(1), 3583(d)(1)**. The proper "inquiry must take place on an individualized basis; a court may not impose a special condition on all those found guilty of a particular offense." *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006).

In response to Bender's objection to Condition 6, the district court stated:

"I think that sex offenders need to have a very tight rein.

. . . .

I think a sex offender doesn't have any business looking at *Playboy* magazine.

. . . .

-5-

I don't think he or any other person that has propensity towards these sort of offenses – this is just my – I don't think they've got any business reading a *Playboy* magazine."

Considering Bender as part of a class, the district court's findings are not sufficiently particularized to the defendant. *See id*. ("The district court's failure to look at the specific facts at hand when gauging the propriety of the condition was therefore clear error."). This court vacates Special Condition 6, and remands for additional findings of fact and resentencing.[1]

D.

Bender challenges Special Condition 7, which states in total: "The defendant shall not enter a public or private library facility at any location." He concedes that the ban is related to the facts of the case, but argues that it is overly broad.

This is a matter of first impression. The government argues that, because Bender violated his supervised release using a library computer, a more severe restriction is required to deter similar conduct. This court is "particularly reluctant to uphold sweeping restrictions on important constitutional rights." *Crume*, 422 F.3d at 733. Although Bender improperly used library resources, libraries are essential for research and learning. *See generally Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("We hold, therefore, that the fundamental constitutional right of access to the courts requires . . . providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). The district court imposed an absolute ban on Bender's access to libraries – such bans are disfavored. *See Fields*, 422 F.3d at 1027

___

[1]This court need not reach the question whether the ban is overly broad or vague. *See Ristine*, 335 F.3d at 695, *citing United States v. Loy*, 237 F.3d 251, 261, 266 (3d Cir. 2001), *United States v. Phipps*, 319 F.3d 177, 192-93 (5th Cir. 2003).

(upholding a ban because "the conditions do not constitute a total ban on his use of computers or the internet"); *accord* **Crume**, 422 F.3d at 734 (holding that the district court did not abuse its discretion because "[t]he challenged condition, moreover, does not completely prohibit Mr. Crume from interacting with his children"). This court concludes that the district court abused it discretion, and can formulate a more tailored restriction. Special Condition 7 is vacated, and remanded for resentencing.

E.

Bender challenges Special Condition 9's provision barring him from "frequent[ing] places where minors are known to frequent without the prior approval of the Probation Officer *and then only in the presence and supervision of a responsible adult*." (emphasis added). In *Crume*, the district court imposed a movement restriction which barred the defendant "from places where minor children under the age of 18 congregate such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without prior written consent of his probation officer." **422 F.3d at 734**. The defendant argued that the restriction "bars him from much of the common space of the community and . . . restricts him from all residences, whether or not minor children live there." *Id*. This court concluded that the movement restriction was "sensible" and "not overbroad" by applying a reasonableness requirement – the defendant's presence was prohibited "only at those residences, parks . . . where children under the age of 18 actually congregate." *Id*., *quoting* **Ristine**, 335 F.3d at 696-97.

In a separate line of "contact" cases, this court has approved special conditions that restrict the defendant "from contact with children under the age of 18 unless the probation officer has given prior written permission." **Heidebur**, 417 F.3d at 1005-06 (upholding condition requiring prior approval for contact with minors where the defendant was convicted of sexual exploitation); *see also* **Mark**, 425 F.3d at 507-08

("Requiring [the defendant] to obtain prior approval is a reasonable mechanism to promote compliance and to ensure that [his] contact with minors is reasonably limited to appropriate situations.").

In the *Davis* case, this court struck down a condition barring the defendant from any "unsupervised" contact with minors as applied to his child. 452 F.3d at 994-95. There is mixed law on this issue in other circuits. *See **United States v. Voelker***, 489 F.3d 139, 154-55 (3d Cir. 2007) (reversing, on plain error review, a condition prohibiting defendant from associating with minors without the presence of an adult where "the ban included the defendant's own family"); ***United States v. Smyth***, 213 Fed. Appx. 102, 106 (3d Cir. 2007) (unpublished) (striking down condition prohibiting the defendant from contact with children without a supervisor as "overbroad and vague"). *But see **United States v. Rodriguez***, 558 F.3d 408, 417-48 (5th Cir. 2009) (distinguishing *Davis* and upholding a condition prohibiting the defendant from associating with minors, including his own children); ***United States v. Loy***, 237 F.3d 251, 267-70 (3d Cir. 2001) (affirming condition prohibiting unsupervised contact with minors as applied to persons other than the defendant's family); ***United States v. Proctor***, 281 Fed. Appx. 72, 74-74 (3d Cir. 2008) (unpublished) (upholding, on plain error, a restriction that the defendant "refrain from associating with children except under the supervision" of approved persons); ***United States v. Shavie***, No. 95-1033, 1995 WL 447983, at *2 (7th Cir. July 28, 1995) (unpublished) (upholding "a prohibition against unsupervised contact with juveniles . . . unless in the company of a responsible adult").

Special Condition 9 provides that, even if Bender received approval to visit a site where minors are present, he must bring an adult supervisor. Unlike *Ristine* and *Crume*, where the court was interpreting a list of sites that the defendant could not visit, Special Condition 9 requires that the defendant be chaperoned by a (responsible) supervisor. Special Condition 9 is not supported by *Heidebur* and *Mark*, which

address the requirement of prior approval in order to have contact with minors. More importantly, the case law on contact conditions is distinguishable from movement restrictions. *See **Crume***, 422 F.3d at 734 (discussing, separately, defendant's challenge of the condition barring him "from places where minor children . . . congregate," and the condition prohibiting him "from contact with children under the age of eighteen"). And, parental rights are not an issue in this case.

Special Condition 9 imposes a greater deprivation of liberty than is reasonably necessary, as there is no basis for a movement restriction requiring a supervisor. This court vacates Special Condition 9, and remands for additional findings of fact and resentencing.

## III.

This court affirms Special Conditions 4 and 5, vacates Conditions 6, 7, and 9, and remands to the district court for further proceedings consistent with this opinion.

_____