# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2886

_____

United States of America,            *
                                 *

        Appellee,           *

                                 * Appeal from the United States
     v.                      * District Court for the
                                 * Western District of Arkansas.

Robert Demers,                *

                               * [PUBLISHED]
        Appellant.        *

_____

Submitted:  November 15, 2010
Filed:  February 16, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On December 10, 2008, staff of the Fayetteville, Arkansas, public library called the Fayetteville police after observing Robert Demers access and view child pornography on one of the library's public-access computers.  When the staff approached Demers to have him move away from the computer until the police arrived, he discarded a piece of paper containing twelve images of child pornography he had printed from the computer.  After arrest and indictment, Demers pled guilty to possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4), (b)(1). Demers was a registered sex offender at the time of the arrest, and he had compiled an extensive criminal history, which includes a conviction for sexual abuse and

several convictions for domestic violence, as well as two prior arrests for possession of child pornography. The district court[1] sentenced Demers to 150 months' imprisonment and a lifetime of supervised release, subject to thirteen standard and seven special conditions. On appeal, Demers challenges four of these special conditions of supervised release.

Ordinarily, "[t]erms and conditions of supervised release are reviewed for abuse of discretion." *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009). However, since Demers did not object at sentencing to any of the special conditions he now challenges on appeal, we review his claims for plain error, *see United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003), and will reverse only if Demers can show that the district court's decision "deviates from a legal rule, the error is clear under current law, and the error affects substantial rights," *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). "We will correct such errors when they 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).[2]

Demers first challenges special condition 5, which forbids him to "have access to an internet-connected computer" or to "access the internet from any location without prior approval by the probation office and for a justified reason." Title 18 U.S.C. § 3583 grants a sentencing court authority to "include as a part of the sentence

---

[1] The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[2] Demers concedes that he failed to object to the challenged conditions before the district court but urges us to adopt the Second Circuit's approach and "relax the otherwise rigorous standards of plain error review to correct sentencing errors." *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002). With respect to issues involving supervised release conditions, our circuit has rejected this approach. *Ristine*, 335 F.3d at 694.

a requirement that the defendant be placed on a term of supervised release after imprisonment," § 3583(a), and also to impose, in addition to several mandatory conditions, "any other condition it considers to be appropriate," § 3583(d). However, such a special condition can only be imposed to the extent that it "is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a), involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and is consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Mark*, 425 F.3d 505, 507 (8th Cir. 2005) (citing 18 U.S.C. § 3583(d)).

Demers argues that a ban on his access to the internet is not reasonably related to the § 3553(a) factors. We have repeatedly rejected this argument. *See United States v. Durham*, 618 F.3d 921, 944 (8th Cir. 2010) ("[T]here is no real doubt that restricting [the defendant's] access to the Internet is reasonably related to the nature and circumstances of the offense—which, at a minimum, involved using LimeWire to acquire a large collection of child pornography."); *Bender*, 566 F.3d at 751 ("Limits on [the defendant's] use of computers and the internet are related to the circumstances of his previous offenses—illicit sexual conduct with a minor and viewing pornography on a public computer."); *Mark*, 425 F.3d at 509 ("Given [the defendant's] repeated offenses of viewing child pornography over the Internet, a complete ban on Internet access is reasonably related to the statutory purposes of deterring criminal conduct and protecting the public from further crimes of the defendant."). Given Demers's prior sexual abuse offense and his status as a registered sex offender, we have no trouble concluding that because Demers's offense involved using the internet to access child pornography, a limitation on his access to the internet is "reasonably calculated to deter him from repeating his illegal activity, protect the public from similar conduct, and serve his correctional needs." *Bender*, 566 F.3d at 751.

Next, Demers argues that this condition "represents a greater deprivation of his First Amendment rights than is reasonably necessary." Since *United States v. Crume*, we have generally maintained that a complete bar to internet access constitutes a greater deprivation of liberty than necessary if "the record is devoid of evidence that [the defendant] has ever used his computer for anything beyond simply possessing child pornography." 422 F.3d 728, 733 (8th Cir. 2005); *see also United States v. Alvarez*, 478 F.3d 864, 867 (8th Cir. 2007). *But see Mark*, 425 F.3d at 510 (leaving open the possibility that "in some case of a defendant involved in possessing child pornography," such a ban might be justified "if a defendant is incorrigible and other alternatives are thoroughly considered but reasonably found to be ineffective").

*Crume* raises rather than decides the question of how much beyond mere possession of child pornography is necessary to justify a complete ban. In *United States v. Boston*, however, we upheld a restriction on internet access equally as broad in scope as the one at issue here. 494 F.3d 660, 668 (8th Cir. 2007). In doing so, we primarily relied on the fact that "evidence was presented at the suppression hearing that [the defendant] had used a computer to print out images of child pornography which could easily have been done for the purpose of transferring them to others." *Id.* In the instant case, Demers was arrested at a public library after having printed images of child pornography, which, as in *Boston*, could very well have been done for the purpose of distributing those images. We find that *Boston* controls this issue, and we conclude that the district court did not plainly err in imposing special condition 5.

Second, Demers challenges special condition 7, which prohibits him from possessing "pornographic materials of any type." Demers first contends that the court's imposition of this condition was not based on a sufficiently individualized determination, citing *United States v. Bender*. *See also United States v. Curry*, 627 F.3d 312, 315 (8th Cir. 2010). *Bender* is easily distinguishable, since the district court in that case imposed a ban on sexually stimulating materials solely based on the defendant's membership in the class of sex offenders, *Bender*, 566 F.3d at 752,

whereas the district court here imposed the ban on pornography after a discussion of Demers's background and characteristics, including his prior child pornography arrests and domestic battery offenses, citing "the need to curb any tendency you might have to further engage in child pornography efforts or abuses." Moreover, even were we to find that the district court erred in not conducting a sufficiently individualized determination, that error likely would not "affect[] substantial rights," *Davis*, 452 F.3d at 994, since Demers's offense and history, including his prior conviction for sexual abuse, make it unlikely that he could carry his burden of showing that the condition would not have been imposed in any event. *Cf. Curry*, 627 F.3d at 315 (holding that a condition banning pornography prejudiced the defendant because there was a "reasonable probability" that the condition would not have been imposed had the district court conducted a sufficiently individualized determination, given that the defendant's conviction was for a "registration offense, not a sexual exploitation offense").

Demers also argues that special condition 7 is overbroad and a greater-than-necessary restriction of his First Amendment rights. In *Boston*, we upheld an equally-extensive condition against a claim that it was overbroad, noting that "[g]iven [the defendant's] history of sexual offenses and the desire to deter him from this conduct in the future, the condition in prohibiting his access to sexually explicit material involving adults is not overly broad." *Boston*, 494 F.3d at 668; *see also Ristine*, 335 F.3d at 694-95; (upholding a similar restriction as "appropriately tailored" given the defendant's "obsession with or addiction to child pornography").[3]

---

[3] Demers asserts that *Ristine*'s denial of plain error relief was based on the existence of an inter-circuit split over this issue, meaning that any error could not be clear under then-current law, and that developments in the law since *Ristine* have clarified the law in his favor. The court in *Ristine* did rely on this argument to dispose of a vagueness claim that a prohibition on possessing pornography "leaves [the defendant] without notice as to what film, prose, and art he may view without violating the challenged condition." *Ristine*, 335 F.3d at 695. Demers has raised no such vagueness claim. Instead, he argues that the restriction is overbroad, a claim that

To be sure, we have struck down as overbroad conditions that restrict access to "any material . . . that . . . alludes to sexual activity," *United States v. Kelly*, 625 F.3d 516, 519-22 (8th Cir. 2010), or "any material . . . that contains nudity," *United States v. Simons*, 614 F.3d 475, 483-85 (8th Cir. 2010). However, it was the breadth of these restrictions, which potentially prohibited access to "a biology textbook," *id.* at 483, or "the Bible," *Kelly*, 625 F.3d at 521, that was fatal to the conditions in these cases. This flaw is not shared by the ban on "possess[ing] pornographic materials of any type" that Demers challenges in the instant case. In our circuit it remains settled that a condition that bars access to pornography alone does not constitute a greater restriction of First Amendment rights than is necessary when imposed on someone with a history of sexual offenses like Demers. *See Ristine*, 335 F.3d at 694-95; *Boston*, 494 F.3d at 667-68.

Third, Demers challenges special condition 2, which orders him to "submit to any means utilized by the probation office to track his whereabouts or location at any time," arguing that it is a greater deprivation of liberty than reasonably necessary. We have previously upheld an identical condition against a challenge that it constituted a greater-than-necessary restriction of liberty. *Durham*, 618 F.3d at 933-34. *Durham* disposes of Demers's challenge to special condition 2.[4]

---

*Ristine* found to be "without merit." *Id.* at 694.

[4] Demers also asserts that this condition is "punitive and an alternative form of incarceration," and, since the condition will be imposed for life, "constitutes cruel and unusual punishment under the Eighth Amendment." Demers makes no argument to support this assertion, nor does he cite any law on point. Demers's Eighth Amendment challenge accordingly fails to show plain error. *See United States v. Fields*, 324 F.3d 1025, 1027-28 (8th Cir. 2003) (concluding that an Eighth Amendment challenge does not show plain error because the defendant "cites no case in which a condition of supervised release was found to constitute cruel and unusual punishment").

Finally, Demers challenges special condition 3, which provides that he "shall have no unsupervised contact with minors." Demers argues that this condition represents a greater-than-necessary restriction of his liberty. He points out that although we have upheld conditions restricting contact with minors in the past, those restrictions all contained an exception for contact with minors that is approved in advance by a probation officer. *See, e.g.*, *United States v. Koch*, 625 F.3d 470, 481 (8th Cir. 2010); *United States v. Mickelson*, 433 F.3d 1050, 1056-57 (8th Cir. 2006); *Mark*, 425 F.3d at 507-08; *Crume*, 422 F.3d at 734. The Government has cited no case where we have upheld a condition barring contact with minors that did not contain such an exception, and we are aware of none. Neither have we held, however, that the absence of a pre-approval exception is *per se* fatal to a restriction on contact with minors, although two of our cases have come close.

In *United States v. Bender*, we vacated a condition that barred the defendant from "frequent[ing] places where minors are known to frequent without the prior approval of the Probation Officer *and then only in the presence and supervision of a responsible adult*." *Bender*, 566 F.3d at 753 (alteration in original). We noted that this condition, which required supervision as well as prior approval, was not supported by our earlier cases, "which address the requirement of prior approval in order to have contact with minors." *Id.* at 754. However, the court went on to find "[m]ore important[]" the distinction between "movement restrictions" and "contact conditions." *Id.* Since *Bender* dealt with the former and Demers challenges the latter, *Bender* does not compel a conclusion that contact restrictions are invalid unless they contain a pre-approval exception.

In *United States v. Davis*, we found plainly erroneous a condition, similar to condition 3 here, that barred unsupervised contact with minors without a pre-approval exception. 452 F.3d at 995. However, the court specifically vacated the condition based on "[t]he district court's failure to look at the specific facts at hand when gauging the propriety of the condition." *Id*. Demers does not challenge the contact-

with-minors restriction on the basis that the district court failed to make an adequately individualized assessment. Moreover, unlike the defendant in *Davis*, Demers has a history of sexual abuse and domestic violence and is currently a registered sex-offender.[5]

We also note that unlike the defendants in *Crume*, 422 F.3d at 734; *Mark*, 425 F.3d at 507; and *Davis*, 452 F.3d at 994, Demers has no children—a factor that our prior cases have afforded some weight. In *Davis*, for example, we noted that "[t]he relationship between a parent and child is a fundamental liberty interest protected by the due process clause." *Id.* at 995. And in *Kerr*, we found it significant that "because [the defendant] is childless, he is not restricted from contacting his own children." *Kerr*, 472 F.3d at 523.

We need not decide today whether Demers would prevail under an abuse-of-discretion standard. Because Demers did not object to the challenged condition before the district court, he must not only demonstrate the existence of an error; he must also show that it is plain. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). An error is plain if it is "obvious" or "clear under current law." *Olano*, 507 U.S. at 734. In light of Demers's history of sexual abuse and lack of children, and because we have never held that a condition barring contact with minors is invalid without an exception for contact pursuant to prior approval, we do not believe that imposing such an unqualified condition constitutes an error that is clear under current

---

[5] Although not cited by Demers, our decision in *United States v. Kerr*, 472 F.3d 517 (8th Cir. 2006), offers a different interpretation of *Davis*. In upholding a contact-with-minors restriction that included a pre-approval exception, we noted that "*Davis* is distinguishable" because the condition in that case "allowed no unsupervised contact with a minor rather than allowing such contact after obtaining permission." *Kerr*, 472 F.3d at 523. However, our decision in *Davis* did not rely on this factor, and *Kerr* merely holds that a contact condition that includes a pre-approval exception does not constitute plain error. It does not compel a conclusion that the absence of such a pre-approval exception is *per se* fatal to a contact-with-minors condition.

law.  *See Ristine*, 335 F.3d at 695 (holding that a condition banning possession of pornography did not constitute plain error because "the current law concerning this issue is unsettled").  Accordingly, even assuming that Demers could demonstrate that the imposition of this condition was an error, he has not demonstrated that it was a plain one.

For the foregoing reasons, we affirm Demers's sentence.

_____