# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1419

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Maurice Morehead, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 1, 2011
Filed: June 9, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Maurice Morehead appeals the district court's[1] judgment revoking his supervised release and sentencing him to 14 months in prison. He argues that the evidence presented at the revocation hearing was insufficient to support the district court's finding that he had violated a condition of his supervised release by committing a new law violation, namely an assault; and that the court plainly erred in imposing an order prohibiting him from contacting the victim of the assault and her family members.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Following careful review, we conclude the district court did not clearly err in finding by a preponderance of the evidence that Morehead violated a condition of his supervised release. See 18 U.S.C. § 3583(e)(3) (permitting revocation of supervised release if court finds by preponderance of evidence that defendant violated condition of supervised release); United States v. Tyndall, 521 F.3d 877, 882 (8th Cir. 2008) (factual findings are reviewed for clear error). We also conclude the court did not err, plainly or otherwise, in imposing the no-contact order. See United States v. Demers, 634 F.3d 982, 983 (8th Cir. 2011) (challenge to special condition of supervised release was reviewed for plain error where defendant did not object at sentencing); see also 18 U.S.C. § 3583(d) (conditions of supervised release must be reasonably related to certain 18 U.S.C. § 3553(a) factors, involve "no greater deprivation of liberty than is reasonably necessary" for purposes of those factors, and be "consistent with any pertinent policy statements issued by Sentencing Commission").

Accordingly, we affirm, and we grant counsel leave to withdraw.

_____