**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4252

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GORDON BLAKE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:19-cr-00025-1)

Submitted:  November 20, 2020                        Decided:  January 21, 2021

Before AGEE, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Blake appeals the sentence of 168 months' imprisonment and 20 years' supervised release imposed following his guilty plea to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). On appeal, Blake raises three challenges to the procedural reasonableness of his term of imprisonment and supervised release conditions. We affirm in part, vacate in part, and remand for resentencing.

I.

Generally, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first evaluate the sentence for significant procedural error, such as improperly calculating the Sentencing Guidelines range, inadequately considering the § 3553(a) factors, or insufficiently explaining the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). In assessing Guidelines calculations, we review factual findings for clear error and legal conclusions de novo. *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019). Only if the sentence is procedurally reasonable may we consider whether it is substantively reasonable. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

II.

Blake first asserts that the district court clearly erred in refusing to sua sponte award him an additional one-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b) (2018), because the Government arbitrarily declined to move for the reduction after his timely plea. A defendant is entitled to a two-

2

level reduction if he "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). If the defendant qualifies for this reduction and has an offense level of 16 or greater, the Guidelines authorize an additional one-level reduction

> upon motion of the [G]overnment stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the [G]overment to avoid preparing for trial and permitting the [G]overnment and the court to allocate their resources effectively[.]

USSG § 3E1.1(b). "In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case." USSG § 3E1.1 cmt. n.6.

The Government "retains discretion to determine whether the defendant's assistance has relieved it of preparing for trial," because "the Government is in the best position" to make that determination. *United States v. Divens*, 650 F.3d 343, 346 (4th Cir. 2011) (emphasis omitted). The Government therefore may "refuse to move for an additional one-level reduction, but only on the basis of an interest recognized by the [G]uideline itself." *Id.* at 347. The district court may compel the Government to move for the additional reduction if the Government has withheld such a motion on improper grounds. *Id.* at 350.

Here, Blake pled guilty only four days before his trial was scheduled to begin. While Blake asserts that he was forced to enter a belated plea in light of circumstances beyond his control, Blake's rationale for his belated plea did not render the Government's refusal to seek a USSG § 3E1.1(b) reduction arbitrary or unfounded. Instead, its decision was based on the substantial trial preparation it had to undertake prior to Blake's plea— preparations supported by the undisputed record and unsurprising given the proximity to the scheduled trial date. Contrary to Blake's assertion, we find nothing in the

3

Government's other arguments opposing the one-level reduction during sentencing to undermine its clear and justified rationale. Because the Government based its decision on an interest directly recognized by USSG § 3E1.1(b), we conclude that the district court properly declined to compel the Government to seek the additional one-level reduction.

III.

Blake next contends that the district court erred by failing to address his numerous mitigation arguments when explaining the basis for his sentence of imprisonment. In announcing a sentence, the court "must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence." *Provance*, 944 F.3d at 218 (internal quotation marks omitted). The court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow [us] to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "The adequacy of the sentencing court's explanation depends on the complexity of each case[,] and the appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (alterations and internal quotation marks omitted), *cert. denied*, No. 20-5026, 2020 WL 5883437 (U.S. Oct. 5, 2020).

"[A] talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). "[W]here the district court could have made precisely the same statements in

4

support of a different sentence, we have found the explanation to be inadequate and have remanded for resentencing." *Blue*, 877 F.3d at 519 (internal quotation marks omitted). Ultimately, the court must "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations and internal quotation marks omitted).

"It is sometimes possible to discern a sentencing court's rationale when an explanation is lacking." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (alteration and internal quotation marks omitted). We therefore will not vacate a sentence where "[t]he context surrounding a district court's explanation . . . imbue[s] it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). Yet, we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019) (citations and internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party," *Nance*, 957 F.3d at 214 (internal quotation marks omitted), or "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or individual characteristics when the record fails to make it patently obvious," *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

Where the district court addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*,

5

957 F.3d at 214. Nonetheless, the court's failure to give "specific attention" to nonfrivolous arguments produces a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted). "At bottom, [we] cannot substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance." *Id.* at 244 (internal quotation marks omitted).

As Blake observes, the district court did not explicitly acknowledge or discuss his numerous arguments in favor of a downward variance, including: (1) his assertion that the severity of his offense fell at the lower end of the spectrum of child pornography offenders; (2) his military service; (3) his medical history; (4) the significant collateral consequences he faced from his conviction; and (5) his policy dispute with the child pornography Guidelines. While the court generally recited the § 3553(a) factors, its statements did not demonstrate consideration of Blake's arguments and could have supported any number of permissible sentences. *See Blue*, 877 F.3d at 519; *Carter*, 564 F.3d at 329.

We conclude that the district court's findings regarding the nature and circumstances of Blake's offense demonstrated its rejection of Blake's "central thesis" about the severity of his crime. *See Nance*, 957 F.3d at 214. Though more clarity was possible, the court's explanation adequately addressed this aspect of Blake's argument. As the Government observes, the Guidelines generally account for such distinctions in criminal culpability, and the mere fact that Blake did not commit a more severe crime does not, standing alone, mitigate the offense he in fact committed. *Cf. United States v. Borho*, 485 F.3d 904, 911 (6th Cir. 2007) ("[B]oth the Guidelines and the underlying statutes clearly distinguish between one who views pornography in private and one who engages

6

in interactive behavior."). Thus, we conclude that the court's findings rendered it "patently obvious" that the court believed Blake was not among the least culpable of child pornography offenders. *See Blue*, 877 F3.d at 521 (internal quotation marks omitted).

With respect to Blake's remaining arguments, however, we find the district court's explanation lacking. Nothing in the court's statements at sentencing demonstrated its meaningful consideration of Blake's arguments regarding his military service and medical history, his dispute with the Guidelines, or his contention that the collateral consequences of his offense could serve, in his particular circumstances, to offset the need for lengthy imprisonment.

The Government asserts that the court was not required to address these arguments because they were too ambiguous, frivolous, or general to warrant the court's specific attention. We have thoroughly reviewed the parties' submissions, however, and are unpersuaded by the Government's arguments on these issues.

We need not vacate Blake's sentence if the Government establishes that the court's omissions were harmless. *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010). "To establish harmless error, the [G]overnment bears the burden of demonstrating that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *Lewis*, 958 F.3d at 245 (alteration and internal quotation marks omitted). We conclude that the Government has not satisfied this burden and resentencing is required.

IV.

Finally, Blake asserts that the district court abused its discretion in imposing a supervised release condition requiring him to submit to warrantless searches of his home, person, and property by the probation officer upon reasonable suspicion that he has violated a condition of supervised release (the "warrantless search condition"). He argues that this condition produces a greater deprivation of liberty than necessary and is not reasonably related to his conviction, history, or characteristics.

District courts enjoy "broad latitude" in crafting special conditions of supervised release, and we "review the court's decision to impose a condition of supervised release for an abuse of discretion." *United States v. Holman*, 532 F.3d 284, 288 (4th Cir. 2008) (internal quotation marks omitted). A district court can impose a discretionary supervised release condition if it is "reasonably related" to various enumerated sentencing factors. 18 U.S.C. § 3583(d)(1); *see* 18 U.S.C. § 3553(a)(1), (2)(B), (C), (D). The condition also must "involve[] no greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2), and be "consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3). The sentencing court must make the § 3583(d) inquiry "on an individualized basis," rather than imposing a condition on broad categories of offenders. *United States v. Bender*, 566 F.3d 748, 752 (8th Cir. 2009) (internal quotation marks omitted); *see United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007).

Blake does not dispute, and the record supports, that the warrantless search condition is consistent with the Sentencing Commission's policy statements and the supervised release statute, which recommend even broader warrantless search conditions

for sex offenders. *See* 18 U.S.C. § 3583(d); USSG § 5B1.3(d)(7)(C). The facts found by the district court regarding Blake's offense refute his assertions that the warrantless search condition is not reasonably related to his offense and history and produces an unnecessary deprivation of liberty. Instead, the condition reasonably closes gaps in the probation officer's authority to ensure Blake does not recidivate, while tempering the probation officer's discretion by limiting permissible searches to those conducted in a reasonable time and manner and on reasonable suspicion of a supervised release violation. We therefore find no abuse of discretion in the district court's decision to impose the warrantless search condition.

V.

Accordingly, we affirm the district court's judgment in part, insofar as Blake challenges the extent of his USSG § 3E1.1 reduction and the warrantless search condition. We vacate the district court's judgment in part, insofar as Blake challenges the district court's explanation of his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*REMANDED*