# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2963
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph W. Gibson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: April 10, 2023
Filed: June 30, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Joseph W. Gibson pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), and sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a) and (b)(2). He was sentenced to 360 months' imprisonment, followed by 25 years of supervised release. Gibson did not object to any of the special

conditions of supervised release that the district court[1] imposed. On appeal, Gibson argues that the district court plainly erred in imposing a condition prohibiting him from "possess[ing] or us[ing] any computer or electronic device with access to any 'on-line computer service' without the prior approval of the Probation Office. This includes any public or private computer network." R. Doc. 84, at 5. We affirm.

## I. *Background*

Gibson and a coconspirator convinced a 15-year-old female ("Jane Doe") to pose nude for pictures in exchange for money. Some of the photos—taken at Gibson's direction—were close-ups of Jane Doe's vagina. Gibson received the photos via text message and then sold them to a third party through CashApp. Gibson paid Jane Doe $40 for the pictures.

Gibson encouraged Jane Doe to have her friends participate in his sex-trafficking plan. Two other minors initially agreed. Gibson sought photos of the minors masturbating and received via text message a picture of one of the friends in her bra and underwear and a picture of the other friend in a skirt and shirt. Gibson intended to send the photos to potential customers desiring to pay the girls for sex. The two friends, however, ultimately declined to participate. Despite her friends backing out, Jane Doe agreed to participate alone.

Gibson subsequently arranged for an unknown man to buy sex from Jane Doe. In a text message, Gibson reported, "I told him hand job 40, blow job 50, pussy and everything else 150 and up, lol." R. Doc. 67, at 5. The next day, Gibson gave Jane Doe three ecstasy pills and some marijuana before going to a hotel room to sell Jane

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

Doe for sex. The record is undisputed that Gibson's customer[2] sexually assaulted her resulting in her physical injury and further exploitation from the production of photographs of her bloody clothing by a coconspirator.[3] Gibson's coconspirator also admitted that she had worked as a recruiter for Gibson's prostitution activities for six or seven years and knew of at least two underaged girls that Gibson had sex trafficked.

Gibson was charged with and pleaded guilty to sexual exploitation of a minor and sex trafficking of a minor. His presentence report (PSR) recommended that "[i]n addition to the mandatory and standard conditions of supervision adopted by the [c]ourt," the district court apply several special conditions of supervised release. *Id.* at 19. One of the special conditions provided: "The defendant shall not possess or use any computer or electronic device with access to any 'on-line computer service' without the prior approval of the Probation Office. This includes any public or private computer network." *Id.* at 21.

At sentencing, the district court sentenced Gibson to 360 months' imprisonment, followed by 25 years of supervised release. The court ordered Gibson to "comply with the mandatory and standard conditions . . . and special conditions listed in part D of the [PSR]" while on supervised release. R. Doc. 91, at 15. Gibson did not object to any of the special conditions of supervised release.

---

[2]Jane Doe was unsure whether the unknown male was Gibson or someone else because he had similar clothing as Gibson and touched her similarly to how Gibson had.

[3]The egregiousness of Gibson's conduct is thoroughly described in the record and a description is unneeded for disposition of this appeal.

## II. *Discussion*

Gibson argues that the district court plainly erred in imposing the special condition prohibiting him from using or possessing internet-accessing devices without prior approval of the probation office. *See United States v. Carson*, 924 F.3d 467, 472 (8th Cir. 2019) ("Ordinarily, terms and conditions of supervised release are reviewed for abuse of discretion. However, since [the defendant] did not object at sentencing to any of the special conditions he now challenges on appeal, we review his claims for plain error." (cleaned up)).

"To qualify for relief under the plain error standard, [Gibson] must show that the district court committed an error that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 470 (internal quotation marks omitted). Under our precedents, Gibson has shown no error, let alone any error that is plain.

"We have identified two relevant factors for determining the propriety of a restriction on computer and internet use: (1) whether there was evidence demonstrating that the defendant did more than merely possess child pornography, and (2) whether the restriction amounts to a total ban on internet and computer use." *Id.* at 473–73 (internal quotation marks omitted). Here, Gibson's conduct involved much more than mere possession of child pornography. In pleading guilty, he admitted to using his phone to both solicit the production of child pornography and sex traffic Jane Doe. The special condition is also not a total ban on computer and internet use. "He . . . remains free to use internet-capable computers and electronics with permission from the probation office. We have consistently upheld this type of restriction under similar circumstances as part of a lifetime term of supervised release . . . ." *Id.* (citing *United States v. Morais*, 670 F.3d 889, 891, 895–97 (8th Cir. 2012); *United States v. Munjak*, 669 F.3d 906, 907–08 (8th Cir. 2012); *United States v. Demers*, 634 F.3d 982, 983–85 (8th Cir. 2011)). We decline to depart from these precedents.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____