**UNITED STATES of America,
Plaintiff,**

v.

**Phillip Allen SHIPLEY, Defendant.**

No. 4:07–cr–081.

United States District Court,
S.D. Iowa.

Nov. 18, 2011.

Craig P. Gaumer, U.S. Attorney's Office, Des Moines, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court is a "Motion for Modification of Supervised Release," [1] filed by Phillip Shipley ("Defendant") on June 2, 2011. Clerk's No. 37. The Government filed a Response on June 10, 2011. Clerk's No. 38. On June 30, 2011, Defendant filed

a Reply. Clerk's No. 42. The matter is fully submitted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2007, Defendant pled guilty to one count of receipt of a child pornography, in violation of 18 U.S.C. § 2252(a)(2). *See* Clerk's No. 16. On June 19, 2008, Defendant was sentenced to ninety months incarceration, to be followed by a five-year term of supervised release. *See* Judgment (Clerk's No. 27). At sentencing, the Court ordered Defendant to abide by a number of special conditions during his term of supervision. *Id.* Defendant did not appeal these special conditions.

Defendant now requests that the Court modify or strike a number of the special conditions of his supervision, pursuant to 18 U.S.C. § 3583(e)(2). The specific conditions Defendant complains of are as follows:

(1) The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examination of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

(2) The defendant may not possess any type of camera (to include cameras within cellular telephones) or video recording

---

1. Defendant's Motion was incorrectly docketed as "Motion for Early Termination of Su-pervised Release."

device without the U.S. Probation Officer approval.

(3) The defendant shall maintain a daily log of all addresses or sites accessed via any personal computer (or other computer used by the defendant), other than for authorized employment, and make this log available to the U.S. Probation Officer.

(5) The defendant shall not possess or use a computer or any other device with an internal, external or wireless modem, except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment. The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

(8) The defendant shall participate in an approved treatment program for mental health/substance abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, and random urinalysis, as directed by the Probation Officer. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

(10) The defendant shall have no unsupervised, personal mail, telephone, or computer contact with children/minors under the age 18.

(11) The defendant may not obtain employment or volunteer where you would be supervising, working with or associating with persons under the age of 18, or where you would have access to on-line capabilities such as the "Internet" unless approved in advance by the U.S. Probation Office.

Judgment at 4. Defendant claims that these conditions are vague, overbroad, and that they unconstitutionally delegate pow-er to the United States Probation Office (hereinafter "USPO"). The Government concedes that, at some point, modifications to special condition five and ten may be appropriate, but argues that Defendant's claims are not currently ripe for judicial determination. The Government objects to modification or removal of any of the other special conditions of supervision.

## II. APPLICABLE LAW

 A district court may impose conditions of supervised release provided each condition: "1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Walters,* 643 F.3d 1077, 1080 (8th Cir.2011) (quoting *United States v. Bender,* 566 F.3d 748, 751 (8th Cir.2009)). Furthermore, due process prohibits criminal liability for acts that one would not reasonably understand are prohibited; thus, a condition of supervision must not be "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Birbragher,* 603 F.3d 478, 484 (8th Cir.2010) (quoting *United States v. Washam,* 312 F.3d 926, 929 (8th Cir.2002)). Finally, a court may delegate authority to a probation officer to implement conditions of supervision provided the court "retain ultimate authority over all of the conditions of supervised release." *United States v. Wynn,* 553 F.3d 1114, 1120 (8th Cir.2009).

 Conditions of supervision, as with any portion of a defendant's sentence, may be challenged on appeal. *See United States v. White,* 244 F.3d 1199, 1204 (10th Cir.2001) ("Thus, because the statute ... makes supervised release a discretionary

component of a final sentence, and it is punishment, appellate courts have jurisdiction to consider the legality of its terms." (internal quotations and citations omitted)). In addition, at any time prior to the expiration of supervision, a defendant may seek to modify conditions of supervision. *See* 18 U.S.C. § 3583(e)(2). However, when considering whether to "modify, reduce, or enlarge the conditions of supervision," a court is limited to considering the sentencing factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release. *Id.*

## III. ANALYSIS

### A. *Proper Scope of 18 U.S.C. § 3583(e)(2)*

 Defendant alleges that a number of the conditions of his supervision are unconstitutionally vague, unconstitutionally delegate authority to the USPO, or are overbroad, i.e., involve a greater deprivation of liberty than is necessary, in violation of 18 U.S.C. § 3583(d)(2). The Eighth Circuit has not directly addressed the precise factors a court can consider when modifying conditions of supervision under of § 3583(e)(2). However, based on the plain language of § 3583(e)(2) and the persuasive reasoning of the Ninth, Fifth, and Second Circuit Courts of Appeal, the Court finds that claims of vagueness or unconstitutional delegation of authority are not proper considerations in a modification proceeding. *See, e.g., United States v. Gross,* 307 F.3d 1043, 1044 (9th Cir.2002); *United States v. Hatten,* 167 F.3d 884, 886 (5th Cir.1999); *United States v. Lussier,* 104 F.3d 32, 34 (2d Cir.1997).

 Section 3583(e)(2) allows a sentencing court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *Gross,* 307 F.3d at 1044 (citing *United States v. Miller,* 205 F.3d 1098, 1101 (9th Cir.2000)). However, while § 3583(e)(2) commands a district court to consider the factors listed in § 3553(a) when determining whether modification is appropriate, "[c]onspicuously absent from this list of relevant factors is illegality." *Id.* at 1044. Thus, "illegality is not a proper ground for modification." *Id.* (citing *Hatten,* 167 F.3d at 886); *see also Lussier,* 104 F.3d at 34 ("The plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision.").

Restricting the scope of factors a court may consider in modification proceedings is not an arbitrary exercise of formalism; rather, it is consistent with the overarching system of sentencing appellate review established in the Sentencing Reform Act of 1984. *See Lussier,* 104 F.3d at 37 ("The streamlined scheme of sentencing review established by the 1984 Act would be disrupted by the acceptance of [Defendant's] interpretation of subsection 3583(e)(2). It would authorize the district court, at any time, to modify or rescind an allegedly illegal condition of supervised release. Nothing in the text or the legislative history of section 3583(e), however, indicates that Congress intended to enact a mini version of the pre–1984 Rule 35(a) and make it applicable only to conditions of supervised release."). "Other procedures, such as a direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255, are available to challenge the legality of a condition of supervised release, as long as the requirements of those procedures have been met." *Id.* at 35. Here, Defendant chose not to challenge the conditions of his supervision on

appeal. He may not circumvent the procedural requirements of § 2255 by simply challenging the legality of his sentence under § 3583(e)(2). *Cf. United States v. Miller,* 557 F.3d 910, 913 (8th Cir.2009) ("We reject [Defendant's] attempt to collaterally attack [conditions of his supervision as vague or contrary to law] on an appeal of the revocation of his supervised release. A defendant may challenge the validity of his underlying conviction and sentence through a direct appeal or a habeas corpus proceeding, not through a collateral attack in a supervised-release revocation proceeding."). Thus, the Court will not consider whether Defendant's conditions of supervision are unconstitutionally vague or constitute an unconstitutional delegation of authority to the USPO. If he wishes to pursue these challenges, he must do so in a properly filed § 2255 motion.

### B. *Modification Pursuant to 18 U.S.C. § 3583(e)(2)*

As opposed to Defendant's claims of vagueness or improper delegation of authority, § 3583(e)(2) does authorize the Court to consider whether the terms of Defendant's supervision are overbroad, particularly in light of any changed circumstances that may have arisen since the imposition of his sentence. *See* § 3583(e)(2) (stating that a court may modify terms of supervision pursuant to the "provisions applicable to the initial setting of the terms and conditions of post-release supervision," which include the requirement that a condition involve no greater deprivation of liberty than is reasonably necessary); *United States v. Balon,* 384 F.3d 38, 47 n. 4 (2d Cir.2004) (stating "that a condition of supervised release that was illegal *ab initio* could not be challenged in a Section 3583(e) proceeding ... [but] a case where fluid circumstances alter either the need for, or the efficacy of, certain conditions" could be).

However, while the Court recognizes its ability to consider Defendant's claims that many of his conditions are overbroad, the Court must first determine whether these claims are ripe.

The ripeness doctrine seeks "to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Droney v. Fitch,* No. 4:10–CV–114, 2011 WL 890704, at *6 (E.D.Mo. Mar. 14, 2011) (slip copy) (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). A ripeness inquiry is a two-pronged test examining "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at *6 (quoting *Abbott Labs.,* 387 U.S. at 149, 87 S.Ct. 1507). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580–581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). With the exception of Defendant's request for modification of special condition five, the Court finds that Defendant's requests for modification are not yet ripe for judicial determination.

Defendant requests that special condition five of his supervision, which prohibits Defendant's personal possession or use of a computer or any other device capable of connecting to the Internet, is overbroad because it prohibits him from legitimate non-employment related Internet access. As an initial matter, Defendant correctly notes this condition is inconsistent with other conditions of his supervision allowing personal computer use subject to various restrictions. *See* Judgment at 4 (special conditions

one and three). Furthermore, this condition constitutes a greater deprivation of liberty than necessary considering more nuanced approaches are currently available that would permit Defendant to use the Internet for legitimate personal means while prohibiting him from using it for improper purposes. *See United States v. Crume,* 422 F.3d 728, 733 (8th Cir.2005) ("We are confident that the district court can impose a more narrowly-tailored restriction on [defendant's] computer use through a prohibition on accessing certain categories of websites and Internet content and can sufficiently ensure his compliance with this condition through some combination of random searches and software that filters objectionable material."). Finally, while there will almost certainly be technological advances related to personal Internet use in the next several years, even now a complete prohibition on personal Internet usage would hinder Defendant's re-entry to society. *See United States v. Holm,* 326 F.3d 872, 878 (7th Cir.2003) (stating that a complete ban on Internet use "renders modern life—in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website—exceptionally difficult"). The Court finds it extremely unlikely that societal reliance on the Internet will decrease between now and Defendant's release from prison. Thus, the Court finds no reason to delay modification of this condition of supervision—a delay that would only cause prejudice to Defendant as he begins to plan to re-enter society. Accordingly, the Court will modify special condition number five of Defendant's supervision to read as follows:

The defendant shall not use or possess a computer or access the Internet without prior approval of the U.S. Probation Officer. If approved, the defendant will submit to searches of his computer or device used to access the Internet, and third party risk disclosure to any employer. You shall also submit to Internet monitoring and pay the costs associated with this service if directed by the U.S. Probation Officer

■■ The remainder of Defendant's requests are not yet ripe for determination. Specifically, Defendant's claim that the condition prohibiting him from possessing any type of camera equipment without approval from his probation officer is a constraint on his employment is not ripe because, at this point, neither the Court nor Defendant knows the extent to which a camera will be necessary for his future employment. Additionally, Defendant is unaware whether modification will be necessary considering this condition only prohibits possession of recording devices without the *approval* of his probation officer. Finally, without having a full grasp of Defendant's intended uses for such equipment, the Court is unable to properly modify this condition of supervision so it involves no greater deprivation of Defendant's liberty than is reasonably necessary while still ensuring the condition effectuates the purposes stated in § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D).

■■ Similarly, at this time the Court is unwilling to modify the condition of Defendant's supervision prohibiting his unsupervised contact with minors. Defendant alleges that this condition could prevent him from interacting with, or even writing birthday cards to, any future grandchildren. However, at this time—at least to the Court's knowledge—Defendant has no grandchildren. Thus, delaying modification of this condition will not prejudice

Defendant. Moreover, without a fuller grasp of what type of unsupervised contact Defendant would like, and with what specific minors it would involve, the Court cannot modify this condition so that it is narrowly tailored to whatever unique circumstances Defendant may present once he begins supervision.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Modify Conditions of Supervision (Clerk's No. 37) is GRANTED IN PART and DENIED IN PART, consistent with the terms of this order. Should circumstances change such that, in the future Defendant has actual, rather than hypothetical, concerns about any of the conditions of his supervision, or the manner in which those conditions are being enforced by the USPO, he is free to request that the Court modify his supervision at that time.

IT IS SO ORDERED.