# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2907

_____

United States of America,

*Plaintiff - Appellee,*

v.

Tony Anthony Day, also known as "50 Cent", also known as "50",

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: March 10, 2014
Filed: July 9, 2014
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Tony Anthony Day appeals a sentence imposed by the district court[1] after revocation of his supervised release. We affirm.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

In November 2010, Day pleaded guilty to conspiracy to distribute a controlled substance. The district court sentenced Day to 120 months' imprisonment, followed by five years of supervised release. In light of the Fair Sentencing Act of 2010 and *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the district court later reduced Day's sentence to time served and three years of supervised release.

Day began his term of supervised release on September 7, 2012. He immediately complained about his placement at a residential treatment center and requested transfer to another facility. Day also complained about his assignment to the code-a-phone drug-testing program. To accommodate Day, authorities moved him to a different facility and changed his testing protocol to a sweat patch system. Only two weeks later, however, Day complained about the patch as well, and authorities returned him to the code-a-phone system.

Day also promptly failed to comply with certain conditions of his supervised release. When the infractions continued, the probation office filed a petition to revoke Day's supervised release in June 2013. The government eventually sought to proceed on three alleged violations of Day's conditions: that he (1) traveled out of state without permission, (2) consumed alcohol, and (3) failed to notify his probation officer of changes in his living situation.

At a revocation hearing, Day admitted that he left South Dakota without permission, consumed alcohol, and failed to notify his probation officer ten days prior to his changing his residence. In light of Day's admitted violations, the district court revoked Day's supervised release.

Based on the Grade C violations of supervised release and a criminal-history category of VI, Day's advisory guideline range was eight to fourteen months' imprisonment. *See* USSG § 7B1.4(a). Citing Day's refusal to listen to his probation officer, repeated complaints about his living situation and drug testing arrangements,

failure to inform his probation officer that he was leaving the state, and ongoing alcohol use, the district court varied upward from the advisory range and sentenced Day to serve twenty-eight months in prison, to be followed by two years of supervised release.

We review a sentence imposed after revocation of supervised release for abuse of discretion. *United States v. Thunder*, 553 F.3d 605, 607 (8th Cir. 2009). Day argues that the district court abused its discretion by giving insufficient justification for its imposition of a sentence above the advisory range, but the number and seriousness of the violations recounted above are a reasonable basis for the sentence. *See, e.g.*, *United States v. Larison*, 432 F.3d 921, 923-24 (8th Cir. 2006).

Day also argues that the district court gave too much weight to his alcohol use and the probation office's difficulty in supervising him. But the court is required to consider the history and characteristics of the defendant, 18 U.S.C. § 3583(c) (citing 18 U.S.C. § 3553(a)(1)), and under the deferential abuse-of-discretion standard described in *Gall v. United States*, 552 U.S. 38, 51 (2007), the district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009). Although alcohol use and incorrigibility were bases for the revocation, the court is not forbidden to consider those factors in deciding whether to vary from the advisory range. *United States v. Franik*, 687 F.3d 988, 991 (8th Cir. 2012).

Day also complains that the district court abused its discretion by imposing a new term of supervised release to follow the twenty-eight-month term of incarceration. We disagree that Day's inability to comply with supervision after his first release from custody means that the district court must exempt him from supervised release on the second go-round. *See* 18 U.S.C. § 3583(h). The new term of supervised release reasonably promotes the statutory purposes of specific

-3-

deterrence and protection of the public.  *See* 18 U.S.C. § 3583(c) (citing 18 U.S.C. §§ 3553(a)(2)(B), 3553(a)(2)(C)).

The judgment of the district court is affirmed.

_____