United States Court of Appeals
For the Eighth Circuit

_____

No. 18-2685

_____

United States of America

*Plaintiff - Appellee*

v.

William Cecil Romig, also known as Billy the Kid

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 15, 2019
Filed: August 13, 2019

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2001, William Cecil Romig pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. He was sentenced to 264 months imprisonment, later reduced to 240 months, followed by 10 years of supervised release. Romig did not appeal. His subsequent motion for post-conviction relief under 28 U.S.C. § 2255 did not challenge the conditions of supervised release. In 2014, Romig filed a motion under 18 U.S.C. § 3583

challenging supervised release conditions. The district court denied relief, concluding that a motion to modify the conditions was unripe, and that "a defendant may challenge the illegality of conditions of supervised release only through a direct appeal, § 2255 habeas corpus relief, or by bringing a motion to correct a sentence under Federal Rule of Criminal Procedure 35." United States v. Romig, 2014 WL 1048390, at *2 (D. Minn. March 18, 2014). We summarily affirmed.

Two months before his scheduled release from prison, Romig filed this § 3583(e)(2) motion[1] to modify two special conditions of supervised release:

> 1) The defendant shall submit to periodic drug testing and participate in substance abuse treatment and aftercare as directed by the probation office.

> 2) The defendant shall not associate with any member, prospect, or associate of the Hell's Angels motorcycle gang, or any other gang.

The district court[2] denied the motion, concluding that the legality of supervised release conditions must be challenged by a motion under 28 U.S.C. § 2255 or Rule 35, and declining to exercise its discretion to modify the challenged conditions because they are necessary and reasonably related to Romig's offense, criminal history, and offender characteristics. Romig appeals. Concluding the court did not abuse its broad discretion whether to modify conditions of supervised release, we affirm. See United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004) (standard of review).

---

[1] 18 U.S.C. § 3583(e)(2) provides that the sentencing court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."

[2] The Honorable John R. Tunheim, Chief Judge of the United States District Court for the District of Minnesota.

**1. The Substance Abuse Special Condition.** Prior to his arrest and conviction, Romig was a regular drug user. He has eight prior drug convictions, and in the offense of conviction, Romig and five co-defendants were charged with eighteen counts related to their roles in the drug conspiracy. Prior to incarceration for this offense, Romig used a quarter of a gram of methamphetamine a day. He nonetheless challenges the special condition mandating periodic drug testing and participation in substance abuse treatment, arguing the condition is not based on individualized findings because there is no evidence the risk of substance abuse has not abated while he was in prison, and the sentencing court's judgment form checked a box stating the defendant "posed a low risk of future substance abuse."[3]

It was not an abuse of discretion for the court to refuse to eliminate the drug testing and substance abuse treatment requirements. Section 3553(a) directs courts to consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Considering Romig's personal use of methamphetamine, which began at age 16, and his criminal history of drug abuse convictions, it was not an abuse of discretion for the court to keep the condition in place to prevent further drug abuse and to provide for correctional treatment and rehabilitation.

**2. The Hell's Angels Special Condition.** At the time of the offense of conviction, Romig was a "prospect" for the Hell's Angels motorcycle gang -- meaning he was not a full-fledged member but was in the process of joining. At least one of his co-conspirators also claimed to be a Hell's Angels prospect. Romig argues that the special condition prohibiting him from associating with Hell's Angels members or prospects is unrelated to his offense and to his criminal and personal

---

[3]In denying relief, the district court found this was a clerical error and issued an amended sentencing judgment.

history, and is unnecessary. He also argues that the condition is unconstitutionally vague and infringes on his freedom of association.

Regarding the latter contention, in United States v. Thomas, 198 F.3d 1063, 1065 (8th Cir. 1999), we rejected on direct appeal a constitutional challenge to an allegedly overbroad special condition prohibiting gang associations, concluding that the question was premature because the condition might be irrelevant after the defendant's long prison sentence, and noting he could petition for modification prior to release or raise the issue at a supervised release revocation hearing. Here, the issue is not premature because Romig is about to be released. In United States v. Washington, 893 F.3d 1076, 1081 (8th Cir. 2018), we recently struck down as impermissibly vague a special condition prohibiting the defendant from being "in company" with "all gangs." But vagueness is not an issue here because the district court struck the term "or any other gang" from the provision at issue.

Courts have upheld special conditions prohibiting defendants from associating with groups "to prevent reversion into a former crime-inducing lifestyle." United States v. Ross, 476 F.3d 719, 722 (9th Cir.) ("neo-Nazi/white supremacist" organizations), cert. denied, 551 U.S. 1127 (2007). Romig cites no contrary freedom-of-association authority. Thus, Romig's challenge to the constitutionality of this special condition is unsupported. Nor does he contest the fact that he was a Hell's Angels prospect during the offense of conviction and committed other felonies with Hell's Angels members, the basis for the district court's ruling that this condition was necessary and reasonably related to the 18 U.S.C. § 3553(a) sentencing factors. This ruling was not an abuse of the district court's substantial discretion. In these circumstances, we need not consider whether, as we suggested in Thomas, there are specific *constitutional* challenges that should be an exception to the well-established rule that illegality of a special condition is not a cognizable basis for § 3583(e)(2) relief. See, e.g., United States v. Shipley, 825 F. Supp. 2d 984, 988-89 (S.D. Iowa 2011) (collecting cases).

We conclude the district court was well within its discretion to deny Romig's motion to modify these two special conditions of supervised release because they are reasonably related to the sentencing factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements. United States v. Sherwood, 850 F.3d 391, 394 (8th Cir. 2017). Accordingly, the order of the district court is affirmed.

_____