# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2077

_____

United States of America

*Plaintiff - Appellee*

v.

William Trimble, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 13, 2020
Filed: August 11, 2020
[Published]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

William Trimble, Jr. pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). After completing his initial prison sentence, Trimble violated the terms of his supervised release, and the district court resentenced him to one year in prison followed by five years of supervised release. During his

term of imprisonment, Trimble filed a pro se motion to modify the conditions he would face upon supervised release. The district court[1] denied the motion, and Trimble appeals.

## I. Background

Trimble pleaded guilty after the government discovered 12 images and 19 videos depicting child pornography on his laptop computer. See 18 U.S.C. § 2252(a)(4). The district court initially sentenced him to five years in prison followed by five years of supervised release. As relevant here, Trimble's original terms of supervised release included the following special conditions:

- The defendant shall not use alcohol and/or other intoxicants during the course of supervision.

- The defendant shall not patronize business establishments where more than fifty percent of the revenue is derived from the sale of alcoholic beverages.

- The defendant shall not have any contact (personal, electronic, mail, or otherwise) with any child under the age of 18, including in employment, without the prior approval of the U.S. Probation Officer. If contact is approved, the defendant must comply with any conditions or limitations on this contact, as set forth by the U.S. Probation Officer. Incidental contact in the course of daily commercial transactions is permissible.

- The defendant shall not possess or use a computer or any other device with an internal, external, or wireless modem, without the prior approval of the U.S. Probation Officer.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

Trimble's supervised-release conditions were later modified on two occasions relevant to this appeal.  On October 28, 2017, Trimble advised his probation officer that, during his employment at the Dollar Tree, he had followed two 12-year-old boys to ensure they were not stealing.  The probation officer determined that this violated the condition prohibiting non-incidental contact with a child under the age of 18 without prior approval.  The probation officer recommended making a "clarifying modification" to Trimble's supervised-release conditions, which added: "You must not obtain employment or volunteer where you would be supervising, working with or associating with persons under the age of 18."  Trimble admitted to the violation and agreed to the modification.

On April 18, 2018, Trimble's probation officer learned that one of Trimble's family members had mailed him a flash drive with pictures on it.  The probation officer noted that Trimble's conditions of supervised release did not include a prohibition on the possession of "other electronic communications or data storage devices or media" and were limited to "a computer or any other device with an internal, external, or wireless modem."  The probation officer recommended that Trimble's terms of supervised release be modified as follows:

> You must not access the internet or possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)), internet capable devices, cellular telephones, and other electronic communications or data storage devices or media without the prior approval of the U.S. Probation Officer.  If computer or internet use for employment is approved by the U.S. Probation Officer, you must permit third party disclosure to any employer or potential employer concerning any computer/internet related restrictions that are imposed upon you.

Trimble also agreed to this modification.

On September 5, 2018, officers observed Trimble using a smart phone.  They learned that Trimble had purchased the phone on August 23, 2018, and that it had

internet and Wi-Fi capabilities. They also discovered that Trimble had used the phone to access an erotic-fiction website and Gmail, Facebook, and internet-dating accounts that he had not registered with the Iowa Sex Offender registry as required. Additionally, Trimble had taken pictures of women and sent them to another person with lewd comments about the women's appearance. Trimble had also written a letter to a friend in prison stating that he had "learned to hide [his] new smart phone in the trash during times [his] PO [would] be there."

The government moved to revoke Trimble's supervised release based on this conduct. Trimble stipulated to the violation, and the district court revoked his supervised release and sentenced him to one year in prison followed by five years of supervised release.

While serving his revocation sentence, Trimble filed a pro se motion to modify the conditions of his upcoming supervised release. Specifically, Trimble challenged the conditions prohibiting him from: (1) possessing a media storage device; (2) employment at a location where he would encounter minors; and (3) employment at a business that derives the majority of its revenue from alcohol sales. The district court denied the motion. This appeal followed.

## II. Analysis

The district court has statutory authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). "District courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release, and we review only for abuse of discretion." United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004). The district court does not abuse its discretion by refusing to modify supervised-release conditions that are "reasonably related to the sentencing factors, involve no greater deprivation of liberty than is reasonably

-4-

necessary, and are consistent with the Sentencing Commission's pertinent policy statements." United States v. Romig, 933 F.3d 1004, 1007 (8th Cir. 2019).

### A. Procedural Bar

We must first address the government's contention that, because Trimble did not challenge these conditions of supervised release when they were originally imposed, his request to modify them now constitutes an improper collateral attack on his underlying sentence. To support this argument, the government cites our cases indicating that a defendant may not challenge the validity of a previously imposed supervised-release condition for the first time in a supervised-release revocation proceeding. See United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019) (rejecting jurisdictional and constitutional challenges to the reimposition of previously imposed supervised-release conditions); United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009) (rejecting challenges in a revocation proceeding to the validity of the underlying supervised-release conditions that led to revocation). Instead, we have explained, the proper method of challenging the validity of supervised-release conditions is "through a direct appeal or a habeas corpus proceeding." Miller, 577 F.3d at 913.

But this appeal does not arise from a supervised-release revocation proceeding, and Trimble does not challenge the validity of his underlying supervised-release conditions. Instead, Trimble has asked the district court to exercise its statutory authority to modify the terms of his supervised release. See 18 U.S.C. § 3583(e)(2). The district court had authority to rule on this request, and there is no barrier to our reviewing the district court's judgment on appeal.

## B. Possession of Media Storage Devices

The first challenged condition states that Trimble "must not access the internet or possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)), internet capable devices, cellular telephones, and other electronic communications or data storage devices or media without the prior approval of the U.S. Probation Officer." This condition gives the probation officer discretion to allow Trimble to use a computer or the internet for purposes of employment, but Trimble must obtain the probation officer's prior approval and notify the employer or potential employer of any restrictions imposed on his computer or internet use. Trimble agreed to this condition after the incident where a family member mailed him a flash drive. Trimble now contends that this condition imposes a greater deprivation of liberty than is reasonably necessary because media storage devices are necessary to store resumes and job applications.

Considering Trimble's past use of electronic devices during both his offense conduct and while on supervised release, restricting his access to the internet, computers, and media storage devices is reasonably related to the sentencing factors and the Sentencing Commission's pertinent policy statements. See United States v. Demers, 634 F.3d 982, 984 (8th Cir. 2011) (noting that we have "repeatedly rejected" arguments to the contrary); United States Sentencing Guidelines § 5D1.3(d)(7)(B) (2012). The condition is not an absolute prohibition, and it specifically contemplates that Trimble's probation officer may allow access to these devices for employment purposes. See United States v. Notman, 831 F.3d 1084, 1089 (8th Cir. 2016) (stating that "whether the restriction is a total ban" is a relevant factor in assessing restrictions like this one). In light of Trimble's conduct, and because he may seek approval when needed for employment purposes, we conclude that the district court did not abuse its discretion by declining to modify or eliminate this condition.

## C. Employment with Minors

Next, Trimble challenges two related conditions. The first condition, which the district court imposed as part of Trimble's original sentence, provides that he "shall not have any contact (personal, electronic, mail, or otherwise) with any child under the age of 18, including in employment, without the prior approval of the U.S. Probation Officer." The second condition, added with Trimble's consent as a "clarifying modification" after the incident at the Dollar Tree, provides that Trimble "must not obtain employment or volunteer where [he] would be supervising, working with or associating with persons under the age of 18." Trimble argues that these conditions are unwarranted because his offense conduct involved viewing child pornography, not sexual assault, and the government failed to offer empirical evidence "that a person who has viewed child pornography is a risk to sexually assault minors." He further argues that these conditions impose too severe a restriction on his ability to seek employment.

The condition imposed as part of Trimble's initial sentence explicitly permits contact with a minor during employment so long as the probation officer grants prior approval. We have previously affirmed conditions like this even where a defendant was convicted of receiving child pornography and "had no prior history of sexually abusing minors." See United States v. Thompson, 653 F.3d 688, 692 (8th Cir. 2011). We have explained that requiring prior approval from a probation officer "is a reasonable means of ensuring that such contact remains appropriate." Id. (quoting United States v. Mickelson, 433 F.3d 1050, 1057 (8th Cir. 2006)). The district court did not abuse its discretion by following that guidance.

Similarly, we read the prohibition on supervising, working with, or associating with persons under the age of 18 as being subject to the probation officer's continuing authority to permit Trimble to have contact with minors during employment. The condition simply clarifies the extent to which non-incidental contact is prohibited

in employment. It was imposed in response to a specific incident of unapproved contact, and Trimble explicitly agreed to its imposition. We find no abuse of discretion in declining to modify it.

### D. Employment at a Business That Sells Alcohol

Finally, Trimble challenges the condition that he "must not patronize business establishments where more than fifty percent of the revenue is derived from the sale of alcoholic beverages." The district court has interpreted this condition as prohibiting Trimble from shopping or working at a business that derives a majority of its revenue from the sale of alcohol. Trimble argued to the district court that, when combined with the condition prohibiting him from seeking employment where he might encounter minors, this condition places a greater restriction on his liberty than is reasonably necessary. He explained that "[i]t is difficult to find employment where one would not come into contact with persons under the age of 18, with the exception of a bar." He also emphasized that he has never been charged with an alcohol-related offense and that alcohol was not involved in his offense conduct or his violation of supervised release.

We conclude that Trimble has not shown it was an abuse of discretion not to modify this condition at this time. Trimble has no history of working in bars or taverns, he apparently was able to secure employment despite this condition before his supervised release was revoked, and he has not identified any particular employment opportunity this condition has or will interfere with. We have rejected similar challenges to this in the past, explaining that "[i]f upon release from federal prison the defendant can only find employment which requires him to enter a bar, tavern, or other place whose primary source of income is derived from the sale of alcohol, the defendant may seek a modification of his release conditions from the district court." See United States v. Henkel, 358 F.3d 1013, 1015 (8th Cir. 2004).

We follow that same course here. Trimble is not foreclosed from seeking to modify this condition should a more concrete problem arise.

### III. Conclusion

The district court's judgment is affirmed.

KELLY, Circuit Judge, concurring.

I join the court's opinion in full. I write separately because I have concerns about the district court's rationale for refusing to modify the condition prohibiting Trimble from employment at a business that derives most of its revenue from alcohol sales.

The district court declined to modify this condition for the following reasons: (1) Trimble has consumed alcohol in the past; (2) another condition of supervised release prohibits Trimble from using alcohol and/or other intoxicants during his supervised release, and allowing Trimble to work at a business that derives most of its revenue from alcohol sales "will increase the risk of violating this condition"; (3) Trimble has a "long history of anger issues he struggles to control," and if Trimble consumes alcohol, "he will increase the risk of losing his temper and committing a crime"; and (4) Trimble struggles with depression and consuming alcohol risks "exacerbating his mental health issues."

I do not think that, on this record, the reasons given by the district court can justify a categorical prohibition on working for a business that derives most of its revenue from alcohol sales. Although Trimble has consumed alcohol in the past, the undisputed record indicates that he "consumed alcohol socially a couple of times every few years" but did not "drink[] alcohol to intoxication and last drank on October 11, 2011." We have previously held that this sort of light consumption of

alcohol is insufficient to warrant a total prohibition on consuming alcohol and entering bars.  See United States v. Brown, 789 F.3d 932, 933–34 (8th Cir. 2015) (per curiam); United States v. Woodall, 782 F.3d 383, 386–87 (8th Cir. 2015) (per curiam); United States v. Walters, 643 F.3d 1077, 1080 (8th Cir. 2011).

The district court also suggested that this condition is necessary to ensure that Trimble does not violate the prohibition on consuming alcohol during his supervised release.  But Trimble does not challenge the condition prohibiting him from consuming alcohol, and there is no evidence that he would consume alcohol—for the first time in nearly a decade—if he obtained employment at a business that derives most of its revenue from alcohol sales.

Finally, the district court connected the condition to concerns about Trimble's anger and depression.  We have not foreclosed the use of "judicial common sense" to determine appropriate conditions of supervised release, but a district court may not base conditions on "pure speculation or assumptions unrelated to the rehabilitative process."  United States v. Forde, 664 F.3d 1219, 1223–24 (8th Cir. 2012) (cleaned up).  There is nothing in the record linking Trimble's anger and depression issues to alcohol, and I do not think it is appropriate to base this condition on speculation about those conditions.

In combination with the condition prohibiting Trimble from working at a location where he may encounter minors, restricting him from working in bars or taverns may severely limit his ability to find employment.  Based on the evidence in the record, I believe this has the potential to impose a greater deprivation of liberty than is reasonably necessary.  But because Trimble has not shown any concrete problem at this time, I concur in the court's opinion.

_____