# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3243
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Aaron Cheeks, also known as Michael A. Cheeks

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 21, 2021
Filed: December 16, 2021
[Unpublished]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Michael Aaron Cheeks pled guilty to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced him to a 30-month term of imprisonment to be followed by 5 years of supervised release. Cheeks

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

challenges an unobjected-to special condition of supervised release requiring his participation in an approved treatment program for domestic violence. We affirm.

At sentencing, and without objection, the district court imposed a special condition of supervision that Cheeks participate in an approved treatment program for domestic violence. Over seven months later, Cheeks filed a *pro se* motion to strike the domestic violence condition. The district court declined to review the imposed special condition, and Cheeks appealed.

Cheeks contends the district court abused its discretion when it declined to revisit the domestic violence treatment special condition on three grounds. First, he asserts that he has no domestic violence convictions, and the condition is factually unsupported. Second, he claims that he has previously completed domestic violence treatment while incarcerated with no new incidents since completion, and the condition is unnecessary. Finally, he claims that because his current conviction does not involve domestic violence, the condition is unrelated to the sentencing goals for a drug charge.

We review a district court's denial of a motion to modify a supervised release condition for abuse of discretion. United States v. Smith, 961 F.3d 1000, 1003 (8th Cir. 2020). A district court enjoys "broad discretion in the imposition or modification of conditions" of supervised release. United States v. Trimble, 969 F.3d 853, 856 (8th Cir. 2020) (per curiam) (citation omitted). When special conditions are imposed, they must reasonably relate "to the sentencing factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." Id. (quoting United States v. Romig, 933 F.3d 1004, 1007 (8th Cir. 2019)). In imposing or amending conditions of supervision, the district court is directed by 18 U.S.C. § 3583(d) to weigh the sentencing factors found at 18 U.S.C. § 3553(a). Specifically, the district court considers "the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from future crimes of

the defendant, and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." United States v. Harris, 794 F.3d 885, 888-89 (8th Cir. 2015). Each of the sentencing factors is considered and weighed independently, and the condition is not required to relate to all of the sentencing factors. United States v. Moore, 860 F.3d 1076, 1078 (8th Cir. 2017).

We have found that domestic violence treatment is reasonably related to the sentencing goals when evidence in the record indicates anger and domestic violence issues, despite treatment overlap and even where the conviction offense does not involve domestic violence. United States v. Hollingshed, 940 F.3d 410, 419 (8th Cir. 2019), cert. denied, 140 S. Ct. 2545 (2020). But if domestic violence is unrelated to the current offense and based on conduct that occurred in the remote past, the condition needs to further some goal related to one of the relevant sentencing factors such as rehabilitation or protection. See United States v. Kent, 209 F.3d 1073, 1076-78 (8th Cir. 2000). In order to impose a supervised release condition, the district court "must have reason to believe the defendant needs such treatment." United States v. Hines, 745 F. App'x 256, 256 (8th Cir. 2018) (per curiam) (quoting United States v. Wiedower, 634 F.3d 490, 494 (8th Cir. 2011)). Any condition imposed must be reasonably related to the defendant's rehabilitation or a need to protect the public and involve no greater deprivation of liberty than is reasonably necessary to meet these goals. 18 U.S.C. § 3583(d)(1)-(2); see 18 U.S.C. § 3553(a)(2)(c)-(d).

Based on the undisputed evidence in the record, the district court did not abuse its discretion in concluding that Cheeks would likely benefit from domestic violence treatment as he has convictions for both assault and criminal mischief as well as multiple arrests for domestic violence and abuse. The narrative in the unobjected-to Presentence Investigation Report indicates Cheeks assaulted his girlfriend by choking her, pulling her hair, and punching her repeatedly in the face, causing a swollen face, bruised arms, and neck marks. The criminal mischief conviction involved Cheeks kicking down his girlfriend's apartment door. Although Cheeks

asserts that his last arrest involving a domestic incident occurred six years before his sentencing and that in the interim he had successfully completed domestic abuse treatment, the only evidence (which is itself unverified) in the record demonstrates he last received any sort of treatment in 2007. Cheeks' claim of recent treatment is entirely unsupported in the record and based on his prior convictions, the special condition for domestic violence treatment is reasonably related to Cheeks' history, rehabilitation, and the need to protect the public from future crimes. The condition involves no greater deprivation of liberty than is reasonably necessary, and the district court did not abuse its discretion in declining to revisit the condition.

We affirm.

_____