# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2168

_____

United States of America

*Plaintiff - Appellee*

v.

William Trimble, Jr.

*Defendant - Appellant*

_____

No. 22-2852

_____

United States of America

*Plaintiff - Appellee*

v.

William Trimble, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 10, 2023
Filed: April 28, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In the decade following William Trimble, Jr.'s conviction for possession of child pornography, he has been released from prison on supervision, violated the conditions of his supervised release, and returned to prison on four separate occasions. The reasons for the revocations included unauthorized access to the internet and computers, viewing pornography and child pornography, prohibited contact with minors, and prohibited contact with a known sex offender. In the instant case, Trimble sought a modification of his supervised release conditions to allow him access to the internet and internet-capable devices without the approval of his probation officer so that he could attend a local community college. The district court[1] declined to modify Trimble's conditions, and he appeals. We affirm.

As part of his judgment entered in 2013, Trimble has been subject to a special condition of supervision that prohibits him from possessing or using "a computer or any other device with an internal, external, or wireless modem, without the prior approval of the U.S. Probation Officer." During his first revocation in 2018, Trimble was found to have violated several release conditions, including possession of an internet-capable device, accessing the internet, associating with felons, and failure to comply with the sex offender registry. He filed a *pro se* motion to modify the terms of his supervised release, challenging the conditions prohibiting him from: (1)

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

possessing a media storage device; (2) being employed at a location where he would encounter minors; and (3) working at a business that derives most of its revenue from alcohol sales. The district court denied the motion and this Court affirmed on appeal. United States v. Trimble, 969 F.3d 853 (8th Cir. 2020).

In 2020, Trimble's supervised release was revoked a second time for possessing an internet-capable device and having contact with a minor. In 2021, Trimble's supervised release was revoked by the district court for a third time when he possessed a camera, had contact with a minor, violated residential reentry center rules, and failed to provide truthful information to probation.

In May 2022, Trimble unsuccessfully sought to modify the terms of his supervised release to allow him to use computers without first seeking the permission of his probation officer. In August 2022, Trimble added a twist, claiming the condition deprived him of an education because he needed access to a computer and the internet to enroll at a local community college. He appeals the district court's denial of his motions. While the appeals were pending, the district court revoked Trimble's supervised release for a fourth time and sentenced him to 24 months' imprisonment to be followed by four years of supervised release.

District courts have statutory authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). We review a district court's denial of a motion to modify a defendant's term of supervised release for an abuse of discretion. United States v. Norris, 62 F.4th 441, 449 (8th Cir. 2023).

Trimble challenges the supervised release condition that prohibits him from accessing the internet and possessing or using computers, internet-capable devices, cellular telephones, and other electronic communications, data storage devices, or media without the prior approval of his supervising probation officer. While Trimble contends this condition imposes a greater restriction on his liberty than is

reasonably necessary, this Court previously determined that the condition is permissible. Trimble, 969 F.3d at 857-58.

Trimble points to United States v. Crume, 422 F.3d 728 (8th Cir. 2005), to support his argument that the internet restriction condition is overly broad. In Crume, this Court found that a total ban on internet and computer access was too broad because "the record is devoid of evidence that [the defendant] has ever used his computer for anything beyond simply possessing child pornography." Id. at 733. But this case involves substantial evidence that Trimble has used his computer for inappropriate conduct beyond simply possessing child pornography. Trimble's supervised release was revoked not only for possessing child pornography, but also for having contact with a minor and for using a cell phone to take pictures of women and send them to another person. See, e.g., United States v. Strubberg, 929 F.3d 969, 979-80 (8th Cir. 2019) (affirming internet prohibition where defendant's search history revealed interest in how to arrange sexual relations with a minor); United States v. Perrin, 926 F.3d 1044, 1050 (8th Cir. 2019) (determining that internet prohibition justified by evidence of production of child pornography); United States v. Bender, 566 F.3d 748, 751 (8th Cir. 2009) (collecting cases where we have "affirmed computer and internet restrictions where the defendants sold, transferred, produced, or attempted to arrange sexual relations with minors"). Further, as we previously noted, this condition "is not an absolute prohibition, and it specifically contemplates that Trimble's probation officer may allow access to these devices for employment purposes." Trimble, 969 F.3d at 857. Given Trimble's repeated violations, which involve activities such as viewing pornography—including child pornography and contacting another convicted sex offender—we find no abuse of discretion by the district court.

We also reject Trimble's challenge on the ground that the condition prevents him from pursuing an education. The district court found that: "Trimble has yet to demonstrate he has made much progress in his rehabilitation and the Court is not satisfied that his conditions should be modified to allow him to use a computer for online classes." Trimble contends that in the past, probation was willing to allow

him to enroll at a local community college that used monitoring software on its computers. But then, Trimble violated the conditions of his supervised release and was sent back to prison. Upon his release, he enrolled at the college but was informed by probation that it would not authorize the use of any computers at that time.

Trimble concedes that his probation officer will consider allowing him to enroll in community college if he passes a polygraph test. Based on the evidence in the record, Trimble has not availed himself of this opportunity. If Trimble seeks an educational opportunity that requires him to use a computer and the internet, his probation officer has indicated he can enroll in college if Trimble establishes that he is trustworthy. The district court's decision that Trimble has yet to demonstrate sufficient trustworthiness is not unreasonable on this record, which demonstrates that since the time his motion was filed, he has once again had his supervised release revoked for unauthorized use of computers and violations of the sex offender registry requirements. Trimble is currently serving his fourth revocation sentence. Given Trimble's repeated violations of his release conditions, Trimble cannot show the district court abused its wide discretion in declining to modify his conditions of supervised release.

In light of the nature of Trimble's conviction and his continued improper use of electronic devices in violation of his supervised release terms, restricting Trimble's access to the internet, computers, and media storage devices is reasonably related to the sentencing factors and the Sentencing Commission's pertinent policy statements. See United States v. Carson, 924 F.3d 467, 474 (8th Cir. 2019) (upholding challenges to supervise release conditions when the reasons for their imposition are "sufficiently evident from the record"). We find no abuse of discretion by the district court.

The district court's judgment is affirmed.

_____