# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3493
_____

United States of America

*Plaintiff - Appellee*

v.

Art Eugene Thomas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 23, 2024
Filed: October 21, 2024
[Unpublished]
_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Art Eugene Thomas pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, distribution of five grams or more of methamphetamine, distribution of a mixture and substance containing methamphetamine, and distribution of a mixture and substance containing cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846. The district court[1] sentenced him to 324 months in prison and five years of supervised release. He appeals his sentence and two special conditions of release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Thomas challenges a three-level sentencing enhancement for being a "manager or supervisor" in the conspiracy. U.S.S.G. § 3B1.1(b). This court reviews factual findings underlying a sentencing enhancement for clear error. *United States v. Rosas*, 486 F.3d 374, 376 (8th Cir. 2007). This court construes the terms "manager" and "supervisor" broadly, considering the exercise of decision-making authority; the nature and degree of participation, planning, and organization; the recruitment of accomplices; the right to share in the larger "fruits of the crime;" the scope of criminal activity; and the degree of authority exercised over others. *Id.*

The evidence showed Thomas managed and supervised the conspiracy. He knew and spoke with the source of drugs from Arizona. He sold "to everyone" and claimed "he is the reason the price per pound of meth dropped." He "cut off" a middleman distributor by directly supplying the middleman's customer. He paid a low-level member of the conspiracy to accept drug deliveries and remove trash bags of drug-packaging materials from his house and dispose of them. When police intercepted about $90,000 in drugs, he and a coconspirator paid it back. He also recruited his girlfriend to help with the conspiracy.

This evidence supports the district court's conclusions that Thomas "had the ability to influence the conspiracy and the people in the conspiracy and what they were doing," "could decide who was going to sell to whom or how," and "was certainly a very active participant at a relatively high level" in the conspiracy. *See*

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

*United States v. Moore*, 798 Fed. Appx. 952, 955 (8th Cir. 2020) (affirming the manager-or-supervisor enhancement where defendant directed at least one person to get marijuana and sell it in one transaction); *United States v. Erhart*, 415 F.3d 965, 973 (8th Cir. 2005) ("[T]he simple fact that a defendant recruits new members into a conspiracy supports a finding of the defendant being a manager or supervisor."), *abrogated on other grounds by United States v. White*, 863 F.3d 784 (8th Cir. 2017).

II.

Thomas believes the district court erred in imposing special conditions of supervised release limiting his self-employment and requiring anger management treatment. This court reviews for abuse of discretion. *United States v. Trimble*, 969 F.3d 853, 856 (8th Cir. 2020). Imposing conditions of supervised release, the sentencing court may order the defendant to "refrain . . . from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances." 18 U.S.C. §§ 3563(b)(5), 3583(d). The restriction must be reasonably necessary to protect the public. U.S.S.G. §5F1.5(a).

Thomas claims there is "no relationship at all between [his] prior self employment and the conspiracy to distribute methamphetamine." This is inaccurate. The evidence showed Thomas was self-employed, selling drugs, and laundering the proceeds. The prohibition on self-employment thus had a "reasonably direct relationship" to his offense conduct. *See United States v. Coon*, 187 F.3d 888, 900 (8th Cir. 1999) (affirming a special condition of release banning self-employment for defendants who had a "long-standing and extensive pattern of criminal racketeering activities"). The restriction also was reasonably necessary to protect the public. As the district court said: it "helps give the probation office visibility if you're going to try and launder money." Finally, the special condition was limited in scope, allowing Thomas the opportunity to seek approval for self-employment.

-3-

Thomas also challenges the special condition requiring him to "participate in an approved treatment program for anger control," which "may include inpatient/outpatient treatment." Thomas asserts there "was no basis in the record" to impose this requirement. He also asserts his mother's statement that he might benefit from anger management was "an insufficient basis" for the condition. The record belies these assertions. In his plea, Thomas admitted he had a history of anger and depression. The presentence investigation report shows he has a history of violent offenses including "forcibly beating a pizza delivery driver," throwing a brick through someone's window after a fight, and threatening to "shoot up" his ex-girlfriend's house while standing outside it with a loaded 9 mm handgun. The most recent offense—Thomas confronted a drug buyer with a firearm and demanded payment—shows his continued inability to control his anger. The court did not err in imposing this condition. *See, e.g.*, *United States v. Hollingshed*, 940 F.3d 410, 418, 419 (8th Cir. 2019) (approving special conditions requiring domestic violence and anger management treatment based on the defendant's 1996 assault conviction and his 2006 probation violation for assaulting a female victim); *United States v. Hines*, 745 Fed. Appx. 256, 257 (8th Cir. 2018) (approving a special condition based on the defendant's "history of violent altercations, a conviction for assault, and recent mental health diagnoses and issues").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____