# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2851

_____

United States of America

*Plaintiff - Appellee*

v.

Shannon Smalley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri
_____

Submitted: September 17, 2025
Filed: December 2, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

The district court sentenced Shannon Lee Smalley to 60 months of imprisonment and five years of supervised release following his conviction for receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).

After being released from prison, Smalley repeatedly violated the conditions of his supervised release. As a result, the district court[1] has revoked his release three times.

When the district court revoked Smalley's second term of supervised release, it imposed a special condition prohibiting Smalley from being "self-employed" or "obtain[ing] secondary employment without the approval of the Probation Office" during his third term. Smalley appealed this "self-employment" condition, and we vacated it. *See United States v. Smalley*, No. 24-1149, 2024 WL 1714256, at \*1 (8th Cir. Apr. 22, 2024). Subsequently, Smalley violated the conditions of his third term of supervised release, and at his revocation hearing, the district court stated our decision vacating the self-employment condition "is partly why [Smalley]'s in trouble now" and suggested that if he "had just followed that rule and not appealed it, he may not be here today." At the same hearing, the district court declined Smalley's request to modify the conditions of his fourth term of supervised release to allow him expanded access to the internet and contact with his daughter, who was a minor, and his business associate, who is a felon.

Smalley now appeals the district court's revocation of his third term of supervised release and the conditions the court imposed on his fourth term of release. Specifically, Smalley contends the district court improperly considered his previous appeal of the self-employment condition in fashioning his revocation sentence and abused its discretion by refusing to modify the conditions of his fourth term of supervised release. Neither argument has merit, so we affirm.

With respect to his first argument, we review for plain error because Smalley did not object to the district court's remarks regarding his appeal of the self-employment condition. *See United States v. Ford*, 987 F.3d 1210, 1215 (8th Cir. 2021). Consequently, we will only reverse if Smalley demonstrates the district court

---

[1] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

committed a "clear" or "obvious" error. *United States v. Soto*, 62 F.4th 430, 434 (8th Cir. 2023). Smalley has not met this standard.

Although the district court's comments regarding Smalley's appeal of the self-employment condition were unnecessary, the transcript of Smalley's third revocation hearing does not suggest the court considered his prior appeal in formulating his revocation sentence. To the contrary, the district court expressly noted Smalley "had every right" to appeal the self-employment condition.

Additionally, the district court clearly explained it decided to impose a lengthier revocation sentence than it had previously — both in terms of active incarceration and supervised release — because Smalley admitted five separate violations of the conditions of his third term of supervised release and had already had two prior terms revoked. These were appropriate bases for the district court's slight upward variance in Smalley's incarceration sentence, as well as for the court's decision to impose a ten-year term of supervised release. *See United States v. Harris*, 55 F.4th 1162, 1164 (8th Cir. 2022) ("We have repeatedly upheld revocation sentences that *varied upward* from the advisory guidelines range because the defendant was a 'recidivist violator of supervised release conditions.'" (citation omitted)); *United States v. Day*, 569 F. App'x 476, 477 (8th Cir. 2014) ("[T]he number and seriousness of the violations recounted above are a reasonable basis for the sentence."); *see also Esteras v. United States*, 606 U.S. 185, 200 (2025). Given its acknowledgement of Smalley's right to appeal, and its explanation for his revocation sentence, the district court did not clearly or obviously rely on an improper factor in sentencing Smalley.

With respect to Smalley's second argument, we review for abuse of discretion because he asked the district court to allow him greater access to the internet and to have contact with his seventeen-year-old daughter and a business associate, who is a felon. *See United States v. Romig*, 933 F.3d 1004, 1005 (8th Cir. 2019). After carefully reviewing the transcript of Smalley's third revocation hearing, we are satisfied the district court did not abuse its discretion.

While it did not modify the terms of his release, the district court explained that Smalley's probation officer had discretion to allow him expanded access to the internet and contact with his daughter and business associate, as Smalley requested. "District courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release," *United States v. Trimble*, 969 F.3d 853, 856 (8th Cir. 2020), and we have repeatedly upheld conditions like those at issue here. *See, e.g.*, *United States v. Stelmacher*, 891 F.3d 730, 734 (8th Cir. 2018) (upholding condition prohibiting contact with a felon); *United States v. Demers*, 634 F.3d 982, 983–85 (8th Cir. 2011) (upholding restriction on internet access where condition allowed access with prior approval from probation officer); *United States v. Simons*, 614 F.3d 475, 481–82 (8th Cir. 2010) (upholding restriction on contact with defendant's own minor children where condition allowed access with prior approval from probation officer). Thus, the district court did not abuse its discretion by refusing to modify the conditions of Smalley's fourth term of supervised release.

For these reasons, the district court's judgment is affirmed.

_____